

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-13-00068-CR

JOHNNY TODD PRESTON                                             APPELLANT

V.

THE STATE OF TEXAS                                                   STATE

----------

## FROM THE 415TH DISTRICT COURT OF PARKER COUNTY

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Johnny Todd Preston of possession of four or more but less than 200 grams of methamphetamine with intent to deliver and assessed his punishment at 99 years' confinement as an habitual offender. The trial court sentenced him accordingly. Appellant brings three points on appeal challenging the admissibility of his out-of-court statement and arguing that the

---

[1]*See* Tex. R. App. P. 47.4.

trial court committed reversible jury charge error. Because the trial court committed no reversible error, we affirm the trial court's judgment.

In his first point, Appellant challenges the admissibility of his out-of-court statement to George Courtney, a Weatherford police officer assigned to the Drug Enforcement Task Force in Fort Worth, Texas, because, Appellant contends, the State failed to provide him a copy of the statement twenty days before trial as required by article 38.22 of the Texas Code of Criminal Procedure.[2] To preserve his complaint for appellate review, Appellant was required to timely object to the trial court and to object each time the evidence was offered, unless he requested and was granted a running objection to that evidence.[3] Although Appellant objected when the State first sought to present the evidence of his out-of-court statement during the punishment phase of the trial, he requested no running objection and made no further objection as the witness testified at length about the statement and its content. Because Appellant did not preserve this issue for appellate review, we overrule his first point.

In his second and third points, Appellant argues that the trial court reversibly erred by overruling his objection to the jury charge and denying his requested article 38.23 jury instruction. "[A]ll alleged jury-charge error must be

[2]*See* Tex. Code Crim. Proc. Ann. art. 38.22, § 3(a)(5) (West Supp. 2013).

[3]*See Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998); *Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991).

considered on appellate review regardless of preservation in the trial court."[4]  In

our review of a jury charge, we first determine whether error occurred; if error did

not occur, our analysis ends.[5]

The Texas Court of Criminal Appeals reminds us that

> [a] defendant's right to the submission of jury instructions under Article 38.23(a) is limited to disputed issues of fact that are material to his claim of a constitutional or statutory violation that would render evidence inadmissible.  We have previously explained:
>
> > The terms of the statute are mandatory, and when an issue of fact is raised, a defendant has a statutory right to have the jury charged accordingly.  The only question is whether under the facts of a particular case an issue has been raised by the evidence so as to require a jury instruction.  Where no issue is raised by the evidence, the trial court acts properly in refusing a request to charge the jury.
>
> There are three requirements that a defendant must meet before he is entitled to the submission of a jury instruction under Article 38.23(a):
>
> (1) The evidence heard by the jury must raise an issue of fact;
>
> (2) The evidence on that fact must be affirmatively contested; and
>
> (3) That contested factual issue must be material to the lawfulness of the challenged conduct in obtaining the evidence.
>
> There must be a genuine dispute about a material fact.  If there is no disputed factual issue, the legality of the conduct is determined by the trial judge alone, as a question of law.  And if other facts, not in dispute, are sufficient to support the lawfulness of

---

[4]*Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012).

[5]*Id.*

3

the challenged conduct, then the disputed fact issue is not submitted to the jury because it is not material to the ultimate admissibility of the evidence. The disputed fact must be an essential one in deciding the lawfulness of the challenged conduct.[6]

Appellant requested the article 38.23 instruction in the jury charge on guilt, but he cites only to evidence in the punishment phase of the trial as support for his requested jury instruction. Our review of the record indicates that Appellant sought that the instruction be included in the jury charge on guilt based on the absence of twenty days' notice of his statement, but he points to nothing in the record directing the jury to the issue during the guilt phase. Instead, the record shows that he objected to the State's proffer of his statement during the punishment phase, not the guilt phase, but he did not request an article 38.23 instruction at punishment. Even if a factual dispute regarding the admissibility of Appellant's statement existed, which we do not hold, we cannot conclude that the trial court erred by failing to give an article 38.23 instruction in the jury charge on guilt when that issue was not yet before the jury. Appellant does not raise an issue about any failure of the trial court to sua sponte provide an article 38.23 instruction at punishment.[7] We overrule Appellant's second and third points.

Having overruled Appellant's three points, we affirm the trial court's judgment.

---

[6]*Madden v. State*, 242 S.W.3d 504, 509–11 (Tex. Crim. App. 2007) (citations omitted).

[7]*See Oursbourn v. State*, 259 S.W.3d 159, 181–82 (Tex. Crim. App. 2008).

4

                                                    /s/ Lee Ann Dauphinot
                                                    LEE ANN DAUPHINOT
                                                    JUSTICE

PANEL:  DAUPHINOT, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  June 12, 2014