

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0245-11

### SCOTT ALAN KIRSCH, Appellant

### v.

### THE STATE OF TEXAS

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE SIXTH COURT OF APPEALS
## HARRISON COUNTY

**ALCALA, J., delivered the opinion for a unanimous Court.**

### O P I N I O N

Appellant, Scott Alan Kirsch, was convicted of his second driving while intoxicated

(DWI) offense in violation of Texas Penal Code § 49.04(a).[1] TEX. PEN. CODE § 49.04(a). In

his petition for discretionary review, appellant argues, in two issues, that the court of appeals

erred by affirming the trial court's charge to the jury, which included a definition of the

---

[1] Under that section, "[a] person commits an offense if the person is intoxicated while operating a motor vehicle in a public place." TEX. PEN. CODE § 49.04(a).

statutorily undefined term "operate" as it is used in the DWI statute. We conclude that the trial court erred in defining that term and reverse the judgment of the court of appeals.

## I. Background

On the night of the offense, Julie Richards was driving home from work on State Highway Loop 281 in Longview, Texas, when she encountered appellant straddling a motorcycle with his hands on the handle bars stopped in the middle of the road at an intersection. Ms. Richards testified that, after a few moments, he began slowly tilting to one side and "just leaned over until he fell completely on the ground, one leg under the motorcycle, one over it still straddling it." She pulled up beside him and asked if he needed assistance, which he declined. But as she drove away, she saw in her rearview mirror that he made no attempt to get up. She called the Harrison County Sheriff's Department and reported the incident.

Deputy Kevin Johnson testified that he promptly responded to the call. When he arrived, he observed appellant sitting on top of his motorcycle attempting to "kick-start" it, which appellant ceased when Deputy Johnson approached him. Deputy Johnson testified that appellant's speech was slurred and that he had difficulty following directions and balancing. Deputy Bill Turner soon arrived and conducted an "intoxication investigation." Based on that investigation, Deputy Turner concluded that appellant was intoxicated and placed him under arrest.

Appellant was charged by information with DWI. At trial, the trial court, in its written charge to the jury, defined "operate" as "to exert personal effort to cause the vehicle to function." Defense counsel objected to this instruction, arguing that

> on the first page, the last paragraph should be eliminated from [the charge], as to the words, "The term operate." There is no definition of the word "operate" in the Penal Code and these are made up by the prosecutor himself, by his own admission, and put in here.

The trial court explained that the prosecutor had submitted "a case with that language in there."[2]  Defense counsel responded that the case law to which the State referred did not pertain to jury instructions. Overruling the objection, the trial court submitted the charge to the jury. The jury convicted appellant and assessed his punishment.

On direct appeal, appellant complained that the trial court erred by defining "operate" in the jury charge, arguing that it is "a common term" and that provision of a definition constituted a comment on the weight of the evidence.[3] *Kirsch v. State*, No. 06-10-00071-CR, 2010 Tex. App. LEXIS 8801, at *1 (Tex. App.—Texarkana Nov. 4, 2010) (mem. op., not designated for publication). The court of appeals observed that the definition the trial court provided in its charge to the jury "is conscripted" from this Court's opinion in *Denton v. State*, 911 S.W.2d 388, 390 (Tex. Crim. App. 1995). *Id.* at *11. In that case, we defined "operate" as taking "action to affect the function of [a] vehicle in a manner that would enable

---

[2]     It is not apparent from the record to which case the trial court referred.

[3]     Appellant also complained that evidence was legally and factually insufficient to show that he was "operating" a vehicle, which the court of appeals overruled. Appellant does not challenge the sufficiency of the evidence in his petition for discretionary review.

the vehicle's use" in order to assess the sufficiency of the evidence to support that element. *Denton*, 911 S.W.2d at 390. Citing *Denton*, the court of appeals held, "Because the definition of operate, while not necessary, was not without reference to guiding rules or principles, we do not find that an abuse of discretion occurred." 2010 Tex. App. LEXIS 8801, at *11. It also declined to address appellant's improper-comment complaint as unpreserved because it concluded that trial counsel did not lodge an objection on that ground and that appellate counsel's brief was "inadequate with respect to this potential point of error." *Id*. at *12-13.

We granted review in this case to determine whether the court of appeals erred in holding that the trial court acted within its discretion in instructing the jury on a definition of the term "operate" as used in the DWI statute.

## II.    Analysis

In two grounds for review, appellant inquires whether, in the guilt-innocence charge in a DWI case, it is necessary to define the term "operate" and asks if the court of appeals erred in approving a definition of that term. He contends that the definition was an improper comment on the weight of the evidence.

### A.    Preservation of Error

The court of appeals concluded that, although "the trial court was not obligated to give a definition of 'operate,' it did not exceed its 'broad discretion' by providing the correct definition, because 'the definition of "operate" was directly at issue.'" *Kirsch*, 2010 Tex. App. LEXIS 8801, at *11 (quoting *Denton,* 911 S.W.2d at 389). But it declined to consider

whether providing the definition constituted an improper comment on the weight of the evidence because, it concluded, appellant did not properly preserve the issue at trial. *Id*. at *12-13. However, all alleged jury-charge error must be considered on appellate review regardless of preservation in the trial court. *Middleton v. State*, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003). Appellate review of purported error in a jury charge involves a two-step process. *Abdnor v. State,* 871 S.W.2d 726, 731 (Tex. Crim. App. 1994); *Middleton*, 125 S.W.3d at 453. First, we determine whether the jury instruction is erroneous. *Middleton*, 125 S.W.3d at 453. Second, if error occurred, then an appellate court must analyze that error for harm. *Id*. The issue of error preservation is not relevant until harm is assessed because the degree of harm required for reversal depends on whether the error was preserved. *Id*.[4] We conclude that failure to preserve error is not a proper basis for the court of appeals to decline to address whether the trial court improperly commented on the weight of the evidence.

Furthermore, contrary to the court of appeals's conclusion that appellant did not adequately brief this issue in his direct appeal, appellant's first issue in his direct-appeal brief stated, "The definition is a comment on the weight of the State's evidence," and he concluded that the instruction "emphasized personal effort without regard to the merely preparatory attempts to start the motorcycle." Although he relied primarily on evidentiary-sufficiency cases discussing definitions of "operate" in support of his argument, his brief was

---

[4]     We express no opinion as to whether appellant properly preserved his complaint that the instruction constituted an improper comment on the weight of the evidence.

sufficient to advance his improper-comment complaint.[5] Similarly, in his petition for discretionary review, he argues that a trial court "cannot create a charge that by its terms comments on the conduct at issue." In his brief, he adds that "the non-statutory instruction" constituted "a prohibited comment on the weight of the evidence," citing applicable authority. Because the court of appeals erred in declining to address his issue, and because he properly raises it in this Court, we must decide whether the trial court's instruction improperly commented on the weight of the evidence.

### B. Error Analysis: Trial Court Erred in Defining "Operate" in Jury Charge

#### 1. "Operate" is a Statutorily Undefined, Common Term

The Texas Penal Code provides that a person commits the offense of driving while intoxicated when the person "is intoxicated while operating a motor vehicle in a public place." TEX. PEN. CODE § 49.04(a). The Code does not define the term "operating." *See id*.; *see also Denton,* 911 S.W.2d at 389. Texas Government Code § 311.011 provides that statutorily undefined words and phrases shall be "construed according to the rules of grammar and common usage. Words and phrases that have acquired a technical or particular

---

[5]     We note that cases discussing jury-charge issues in this context frequently also discuss sufficiency issues. In fact, in deciding the jury-charge issue in this case, the court of appeals cited primarily sufficiency cases, as well as an improper-comment case. *Kirsch*, 2010 Tex. App. LEXIS 8801, at *11 (citing, *e.g.*, *Denton v. State*, 911 S.W.2d 388 (Tex. Crim. App. 1995); *Laroque v. State*, No. 2-09-210-CR, 2010 Tex. App. LEXIS 6874 (Tex. App.—Fort Worth Aug. 19, 2010, no pet.) (mem. op., not designated for publication)); *see also* n.6, *infra*.

meaning . . . shall be construed accordingly."[6] TEX. GOV'T CODE § 311.011. We have explained that jurors may "freely read [undefined] statutory language to have any meaning which is acceptable in common parlance." *Denton*, 911 S.W.2d at 390; *see also Medford v. State*, 13 S.W.3d 769, 771-72 (Tex. Crim. App. 2000). Conversely, "terms which have a known and established legal meaning, or which have acquired a peculiar and appropriate meaning in the law, as where the words used have a well-known common law meaning," are "considered as having been used in their technical sense." *Medford*, 13 S.W.3d at 772.

The State argues that the term "operate" "no longer has the simple, common, narrow definition accepted by lay persons, but is broader than the normal understanding of the general population." It cites several "lay" definitions of the term and argues that "[c]ommon parlance says that operate means to, 'make it go,'" whereas the legal definition "is tantamount to an 'attempt to operate.'" However, case law does not support this contention, as many Texas juries have rendered guilty verdicts even when the evidence showed that the operator did not successfully make the vehicle "go." *See, e.g.*, *Denton*, 911 S.W.2d at 388 (defendant unable to accelerate because vehicle required time to "warm up"); *Dornbusch v. State*, 262 S.W.3d 432 (Tex. App.—Fort Worth 2008, no pet.) (defendant asleep in driver's seat of idling vehicle parked in parking lot).[7] Our cases have consistently held that "operate"

---

[6]     *See also* TEX. PEN. CODE § 1.05 (providing that Tex. Gov't Code § 311.011 applies "to the construction of this code.").

[7]     *See also Hearne v. State*, 80 S.W.3d 677, 679 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (defendant asleep behind wheel of idling vehicle in "park" in roadway); *Barton v. State*, 882 S.W.2d 456, 458 (Tex. App—Dallas 1994, no pet.) (same, but vehicle in "neutral").

is a common term that has not acquired a technical meaning and may be interpreted according to its common usage. *See Denton*, 911 S.W.2d at 389 (approving of lower court's reliance on the "plain meaning" of the statutorily undefined term in assessing the sufficiency of the evidence); *Capps v. State*, 352 S.W.2d 833, 835 (Tex. Crim. App. 1962) (explaining that the statutory language, including the term "operate," consists of "ordinary English words which are commonly and ordinarily understood by people generally, hence the court was not required to define them."). Therefore, nothing in our case law suggests that a risk exists that jurors may arbitrarily apply an inaccurate definition to the term "operate" or that an express definition is required to assure a fair understanding of the evidence. *Compare Medford*, 13 S.W.3d at 772 (holding that "'[a]rrest' is a technical term possessing a long, established history in the common law, and it would be inappropriate if jurors arbitrarily applied their personal definitions of arrest.").

The court of appeals correctly noted that this Court has concluded that a person "operates" a vehicle when "the totality of the circumstances [] demonstrate that the defendant took action to affect the functioning of his vehicle in a manner that would enable the vehicle's use." *Kirsch*, 2010 Tex. App. LEXIS 8801, at *6 (quoting *Denton,* 911 S.W.2d at 390). However, the cases that have discussed the definition of the term, including *Denton* and other cases cited by the court of appeals, have done so in assessing the sufficiency of the evidence to support that element on appeal, not in determining whether or how to instruct the

jury at trial. *See Denton*, 911 S.W.2d at 389.[8] Although an appellate court may articulate a definition of a statutorily undefined, common term in assessing the sufficiency of the evidence on appellate review, a trial court's inclusion of that definition in a jury charge may constitute an improper comment on the weight of the evidence.[9]

## 2. Instruction on Definition was Comment on Weight of Evidence

The trial court is required to give the jury a written charge "setting forth the law applicable to the case; not expressing any opinion as to the weight of the evidence, not summing up the testimony, discussing the facts or using any argument in his charge calculated to arouse the sympathy or excite the passions of the jury." TEX. CODE CRIM. PROC. art. 36.14. We have generally held that, if a jury-charge instruction "is not derived from the [penal] code, it is not 'applicable law'" under art. 36.14. *Walters v. State*, 247 S.W.3d 204, 214 (Tex. Crim. App. 2007). With only limited exceptions,[10] the trial court may not include an instruction that focuses the jury's attention on a specific type of evidence that may support a finding of an element of an offense. *Id.* at 212. Juries are free to "consider and evaluate the evidence in whatever way they consider it relevant to the statutory offenses," and "special,

[8]     *See also Capps*, 352 S.W.2d at 835; *Reddie v. State*, 736 S.W.2d 923, 927 (Tex. App.—San Antonio 1987, pet. ref'd); *Barton*, 882 S.W.2d at 459; *Hearne*, 80 S.W.3d at 679; *Dornbusch v. State*, 262 S.W.3d 432, 436 (Tex. App.—Fort Worth 2008, no pet.).

[9]     The court of appeals also cites *Laroque v. State*, which held that the trial court did not err in instructing the jury on a similar definition of "operate." No. 2-09-210-CR, 2010 Tex. App. LEXIS 6874, at *10. However, this unpublished opinion has no precedential value, and we are not persuaded by its reasoning. *See* TEX. R. APP. P. 77.3.

[10]    No permissible exception is applicable to this case.

non-statutory instructions, even when they relate to statutory offenses or defenses, generally have no place in the jury charge." *Id.* at 211.

An instruction, albeit facially neutral and legally accurate, may nevertheless constitute an improper comment on the weight of the evidence. *See*, *e.g.*, *Brown v. State*, 122 S.W.3d 794, 797 (Tex. Crim. App. 2003). In *Brown v. State*, the trial court instructed, in its original charge to the jury, that "intent or knowledge may be inferred by acts done or words spoken." *Id.* Despite the legal accuracy of the instruction, we held that it improperly "singles out a specific type of evidence and tells the jury that it may infer an element of the crime" from that evidence. *Id*. at 800-01. The error, we explained, "lies in *instructing* the jury that they may apply such an inference." *Id*. at 800 (quoting *Browning v. State*, 720 S.W.2d 504, 507 (Tex. Crim. App. 1986)). This is because the inference is "a judicial review device" or "a common-sense tool for a trial judge" used to gauge evidentiary sufficiency, "not an explicit legal tool for the jury." *Id*. at 802-03. We thus concluded that, although a "close call," the trial court erred because it "focus[ed] the jury's attention on the type of evidence that may support a finding of criminal intent." *Id*. at 802.[11]

Here, in defining the term "operate" as "to exert personal effort to cause the vehicle to function," the trial court selected one definition of a statutorily undefined, common term

---

[11]    *See also Bartlett v. State*, 270 S.W.3d 147, 148-49 (Tex. Crim. App. 2008) (trial court improperly commented on weight of evidence by instructing jury that it was permitted to consider the defendant's refusal to submit a breath test); *Deener v. State*, 214 S.W.3d 522, 529 (Tex. App.—Fort Worth 2006, pet. ref'd) ("Because the affirmative-links rule is only a shorthand expression for evaluating the sufficiency of the evidence, instructing the jury on the affirmative-links rule would be improper.").

that the jury could have selected in assessing the evidence and instructed the jury that they "must be governed by" that definition. *See Abdnor,* 871 S.W.2d at 731 ("[W]hile the 'jury is the exclusive judge of the facts, . . . it is bound to receive the law from the court and be governed thereby.'") (quoting TEX. CODE. CRIM. PROC. art. 36.13). Although the definition set forth in the charge is an appropriate definition for an appellate court to apply in assessing the sufficiency of the evidence to support the "operate" element, instructing the jurors as to that definition in this case impermissibly guided their understanding of the term. The jury should have been free to assign that term "any meaning which is acceptable in common parlance." *Denton*, 911 S.W.2d at 390; *Medford*, 13 S.W.3d at 771-72.

Furthermore, as appellant noted in his direct-appeal brief, the definition emphasizes evidence tending to show "personal effort" toward causing the vehicle to function over evidence that would tend to show "merely preparatory attempts to start the motorcycle," which the jury could have reasonably decided did not constitute "operating." *See Dornbusch*, 262 S.W.3d at 436 (defining "operate" as "any action that is more than mere preparation toward operating the vehicle"); *Strong v. State*, 87 S.W.3d 206, 215-16 (Tex. App.—Dallas 2002, pet. ref'd) (same). Therefore, although the instruction did not "pluck out" any specific piece of evidence for special attention, it did improperly focus the jury on the type of evidence that would support a finding that appellant was operating his motorcycle. *See Walters*, 247 S.W.3d at 214; *Brown*, 122 S.W.3d at 802.

Whether appellant was operating his motorcycle was a question of fact to be resolved by the jury. *See* TEX. CODE CRIM. PROC. 36.13; *Brown*, 122 S.W.3d at 798-99. It was the responsibility of the advocates to argue or refute that the evidence supports that element of the offense. *See Walters*, 247 S.W.3d at 214; *Brown*, 122 S.W.3d at 798-99. Because the trial court improperly impinged on the jury's fact-finding authority by limiting the jurors' understanding of what evidence could constitute "operating," we hold that the trial court erred by defining that term in its charge to the jury. *See Bartlett v. State*, 270 S.W.3d 147, 151-52 (Tex. Crim. App. 2008).

### III. Conclusion

We reverse the judgment of the court of appeals and remand to that court to determine whether appellant suffered harm as a result of the erroneous instruction. *See Abdnor,* 871 S.W.2d at 731-32; *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984).

Filed: January 25, 2012

Publish