

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1304-11

### RICHARD NIETO TREVINO, Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SEVENTH COURT OF APPEALS
### BELL COUNTY

**KELLER, P.J., delivered the opinion of the unanimous Court.**

Appellant was convicted of indecency with a child.  On appeal, he complained that the trial

judge erred by including in the jury charge a definition of female genitalia.  He contended that the

definition was a comment on the weight of the evidence.  The court of appeals affirmed, concluding

that the definition was not a comment on the weight of the evidence.[1]  After the court of appeals had

issued its decision, we handed down *Kirsch v. State*,[2] which held that defining the word "operate"

---

[1] *Trevino v. State*, No. 07-11-00027-CR, 2011 Tex. App. LEXIS 5777 (Tex. App.–Amarillo July 27, 2011) (not designated for publication).

[2] 357 S.W.3d 645 (Tex. Crim. App. 2012).

in a DWI prosecution constituted an impermissible comment on the weight of the evidence.[3]

Because the court of appeals did not have the benefit of our opinion in *Kirsch*, we vacate the court

of appeals's decision and remand the case to that court for reconsideration in light of *Kirsch*.

Delivered: May 2, 2012
Do not publish

---

[3] *Id.* at 649-52.