**AFFIRM; Opinion Filed March 21, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00333-CR

**ROBERT GLYNN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 2**
**Collin County, Texas**
**Trial Court Cause No. 002-88186-2011**

## MEMORANDUM OPINION

Before Justices O'Neill, Myers, and Brown
Opinion by Justice Brown

Appellant Robert Glynn was charged by information with misdemeanor driving while intoxicated. A jury found appellant guilty, and the trial court assessed his punishment at 180 days' confinement, probated for two years, and a $1,000 fine. In a single issue, appellant complains of error in a reasonable doubt instruction given in the jury charge. We affirm the trial court's judgment.

The court's charge used the term "reasonable doubt" in the following instances:

Now, if you find and believe from the evidence beyond a reasonable doubt that on or about October 12, 2011, in Collin County, Texas, **ROBERT GREGORY GLYNN** did then and there operate a motor vehicle in a public place while the said **ROBERT GREGORY GLYNN** was intoxicated by not having the normal use of his mental or physical faculties by reason of the introduction of alcohol into the body, then you will find the defendant guilty as charged.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will find the defendant not guilty.

. . . .

> All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. . . . The presumption of innocence alone is sufficient to acquit the defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

> The prosecution has the burden of proving the defendant guilty, and it must do so by proving each and every element of the offense charged beyond a reasonable doubt, and if they fail to do so, you must acquit the defendant.

At the charge conference, defense counsel objected to the following sentence in the charge: "Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will find the defendant not guilty." Counsel asked for the phrase "or if you have a reasonable doubt thereof" to be deleted. He explained, "The basis for that is it's giving a definition that you must have a doubt based on reason rather than letting them make their own determination." Counsel wanted the charge to instead say, "Unless you so find beyond a reasonable doubt, you will find the defendant not guilty."

In his sole point of error, appellant contends the trial court erred in giving the above instruction because it left out the term "beyond" in describing the State's burden of proof. Appellant asserts that in doing so the court lowered the State's burden of proof and that his due process rights were violated. He further contends the complained-of sentence was an improper "definitional phrase" regarding reasonable doubt.

Appellate review of alleged error in a jury charge is a two-step process. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). First, we determine whether the jury instruction is erroneous. *Id.* Then, if error occurred, we must analyze that error for harm. *Id.*

For about nine years, the court of criminal appeals required jury charges to contain a specific six-paragraph instruction on reasonable doubt. *See Geesa v. State*, 820 S.W.2d 154, 162 (Tex. Crim. App. 1991), *overruled by Paulson v. State*, 28 S.W.3d 570 (Tex. Crim. App. 2000).

–2–

The required instruction included three definitions of "reasonable doubt." *Paulson*, 28 S.W.3d at 572. The court in *Paulson* overruled that portion of *Geesa* which required trial courts to instruct juries on the definition of "beyond a reasonable doubt." *Id.* at 573. The court found that the better practice is to give no definition of reasonable doubt to the jury at all. *Id.* What constitutes proof beyond a reasonable doubt is not subject to definition by the trial court because it is up to the jurors to determine whether their doubts, if any, about the defendant's guilt are reasonable. *O'Canas v. State*, 140 S.W.3d 695, 701 (Tex. App.—Dallas 2003, pet. ref'd).

*Paulson* specifically prohibited defining "reasonable doubt" as set out in paragraphs four and five of the *Geesa* instruction. *Woods v. State*, 152 S.W.3d 105, 115 (Tex. Crim. App. 2004); *O'Canas*, 140 S.W.3d at 701. This Court has held that *Paulson* did not prohibit trial courts from giving any of the six paragraphs constituting the *Geesa* instruction. *O'Canas,* 140 S.W.3d at 701. We found nothing in *Paulson* to suggest that giving a correct statement of the law that happened to be contained within the *Geesa* instruction would necessarily be error. *Id.*

We disagree with appellant's characterization of the alleged error in this case. He asserts the trial court erroneously left out the term "beyond" when describing the burden of proof. As shown above, the court's charge used the term "beyond a reasonable doubt" five times. The complained-of instruction did not eliminate the requirement that the jury find appellant guilty beyond a reasonable doubt. It merely restated that proposition in a different way. It required jurors to find appellant not guilty if they had reasonable doubt about the elements of the offense. The State's burden of proof was clear, and the instruction at issue did not lower that burden.

Further, the complained-of language does not define reasonable doubt. It expresses a proposition similar to what was previously paragraph six of the *Geesa* instruction: "In the event you have a reasonable doubt as to the defendant's guilt after considering all the evidence before you and these instructions, you will acquit him and say by your verdict 'Not Guilty.'" *See*

*Paulson,* 28 S.W.3d at 573 (appendix). This part of *Geesa* has not been prohibited. *See id.* Instructing jurors that if they have a reasonable doubt about the defendant's guilt, they should find the defendant not guilty is simply stating a legally correct proposition. *See O'Canas*, 140 S.W.3d at 701. Such instruction does not encroach upon the jury's task of assigning meaning to the phrase "beyond a reasonable doubt." We find no error in the court's instructions regarding reasonable doubt in this case. We resolve appellant's sole issue against him.

We affirm the trial court's judgment.

/Ada Brown/
ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

130333F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROBERT GLYNN, Appellant

No. 05-13-00333-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law
No. 2, Collin County, Texas
Trial Court Cause No. 002-88186-2011.
Opinion delivered by Justice Brown.
Justices O'Neill and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 21st day of March, 2014.

/Ada Brown/

ADA BROWN
JUSTICE