LUZ ELENA D. CHAPA, Justice,
concurring.
I concur in the judgment because the result reached by the majority is compelled by the holding in Kirsch v. State, 357 S.W.3d 645, 650-52 (Tex.Crim.App.2012), which tells us that a jury charge should not include definitions of words or phrases unless they are statutorily defined or have acquired a technical meaning. The legislature has not defined “female sexual organ” or “penetration” as those words are used in chapter 22 of the Penal Code. And, I agree those words do not have technical meanings akin to those in Celis v. State, 416 S.W.3d 419, 433-34 (Tex.Crim.App.2013) (“foreign legal consultant”) and Medford v. State, 13 S.W.3d 769, 772 (Tex.Crim.App.2000) (“arrest”), in which the jury instructions were upheld.
However, I believe these instructions were appropriate and necessary to assure the jury’s fair understanding of the evidence and proper application of the law to the evidence. Touching beneath the fold of the external genitalia constitutes penetration of the female sexual organ within the meaning of the sexual assault statute. See Cornet v. State, 359 S.W.3d 217, 226 (Tex.Crim.App.2012); Vernon v. State, 841 S.W.2d 407, 409-410 (Tex.Crim.App.1992). I do not believe that comports with the common and ordinary understanding of the words “penetration” and “female sexual organ.” If not constrained by Kirsch, I would conclude the definitions of “female sexual organ” and “penetration” in the charge in this case were both proper and necessary and were not comments on the weight of the evidence. I therefore urge the Texas Legislature to adopt statutory definitions of these terms so that in future sexual assault cases the jury may be instructed as to their meaning.