

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00373-CR

---

MICHAEL WAYNE MONTGOMERY                                    APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

### FROM THE 97TH DISTRICT COURT OF MONTAGUE COUNTY
### TRIAL COURT NO. 2012-0052M-CR

----------

## MEMORANDUM OPINION[1]

----------

Appellant Michael Wayne Montgomery appeals from his conviction for injury to a child. In two issues, he raises alleged jury-charge errors. We affirm.

On March 21, 2012, A.M.'s mother, A.C., rushed six-week-old A.M. to the hospital for seizures. Dr. Jamye Coffman examined A.M. and found multiple injuries, including a fractured skull, a subdural hematoma, fractured ribs, and

---

[1]*See* Tex. R. App. P. 47.4.

severely bruised fingers, one of which was missing a nail. The extent of the injuries indicated that A.M. had been physically abused and that the injuries could not have been caused by an accidental drop.

An investigator with Child Protective Services, Michelle Hanson, spoke with A.C. about A.M.'s injuries. A.C. told Hanson that A.M. had rolled off of two mattresses stacked on top of one another and hit A.C.'s knee and then the floor. Appellant, who was A.C.'s boyfriend, also told Hanson that A.M. had rolled off the mattresses.

Detective Sherry Stone with the Bowie Police Department was called to the hospital. Stone spoke with Coffman, who detailed A.M.'s injuries. A.C. told Stone that a dog had jumped on the bed A.M. was on and caused her injuries. The next day, Stone spoke with A.C., and A.C. admitted she previously had lied about A.M.'s injuries. A.C. then told Stone that A.M. had rolled off the bed while A.C. was changing her diaper. A.C. admitted that Appellant was in the home at the time but claimed that he knew nothing about how A.M. fell. Stone also spoke with Appellant, who averred that A.M. had fallen off the bed. Stone's investigation led Stone to rule A.C. out as the person who hurt A.M. and to obtain an arrest warrant for Appellant. After Appellant was arrested on March 28, he gave a statement admitting that he had forcefully thrown A.M. to the floor and picked her up by her throat.

Appellant was indicted for injury to a child by intentionally or knowingly causing serious bodily injury. *See* Tex. Penal Code Ann. § 22.04(a)(1) (West

2

Supp. 2013). A.C. was indicted for endangering a child and received five years' community supervision after pleading guilty. At trial, A.C. testified that she had received probation and that a condition of her probation was that she testify truthfully if she was called as a witness at Appellant's trial. Coffman testified to A.M.'s injuries and said that they could not have been accidental. Indeed, Coffman's opinion was that A.M.'s injuries were the result of intentional child abuse. Appellant testified at trial that his confession after his arrest was a lie and that he had accidentally dropped A.M., causing her to hit her head.

At the conclusion of the evidence, Appellant requested the following instruction regarding the corroboration requirement for a defendant's extrajudicial confession:

> An extrajudicial confession by the accused is insufficient to support a conviction unless corroborated.
>
> There must exist other evidence showing that a crime has, in fact, been committed and this other evidence need not be sufficient by itself to prove the offense. All that is required is that there be some evidence which renders the commission of the offense more probable than it would be without the evidence.
>
> Now if you find or have reasonable doubt thereof that the accused made an extrajudicial confession and you further find that such extrajudicial confession is not corroborated by the evidence, then you will not consider the extrajudicial confession for any purpose.

The trial court denied the request. The jury found Appellant guilty of injury to a child and assessed his punishment at twenty years' confinement and a $5,000 fine.

3

Appellant now argues that the trial court erred by refusing to include his requested instruction on the corroboration requirement. *See* Tex. Code Crim. Proc. Ann. art. 36.19 (West 2006). We are to review all alleged jury-charge error and first determine whether error occurred; if error did not occur, our analysis ends. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012).

A trial court need not instruct the jury on corroboration of a defendant's extrajudicial confession when the *corpus delicti* of the offense is established by other evidence. *Baldree v. State*, 784 S.W.2d 676, 686–87 (Tex. Crim. App. 1989). The *corpus delicti* rule requires some corroboration of a harm brought about by the criminal conduct of some person; however, it does not "require any independent evidence that the defendant was the criminal culprit." *Salazar v. State*, 86 S.W.3d 640, 644 (Tex. Crim. App. 2002); *see also Gonzales v. State*, 190 S.W.3d 125, 130–31 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd), *cert. denied*, 549 U.S. 1000 (2006). The rule is satisfied "if some evidence exists outside of the extra-judicial confession which, considered alone or in connection with the confession, shows that the crime actually occurred." *Salazar*, 86 S.W.3d at 645. "The corroborating evidence need not prove the underlying offense conclusively; there simply must be some evidence that renders the commission of the offense more probable than it would be without the evidence." *Aguilera v. State*, 425 S.W.3d 448, 459 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd). Evidence that the defendant was the actor is not required. *Salazar*, 86 S.W.3d at 644.

Here, the evidence showed that A.M.'s injuries were the result of an intentional act and were not accidental. Although Appellant testified that he accidentally dropped A.M., the remainder of the evidence showed that the injuries were caused by an intentional act. Thus, the record contained other evidence, outside of Appellant's confession, that injury to a child had occurred. The trial court did not err by denying Appellant's requested instructions. We overrule issue one.

In his second issue, Appellant argues that the trial court erred by failing to instruct the jury that they could not consider Appellant's confession if it was involuntary. But the charge contained such an instruction; therefore, there was no error. We overrule issue two.

Having overruled Appellant's issues, we affirm the trial court's judgment.

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: WALKER, MCCOY, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 10, 2014