In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-16-00067-CR**
_____

**HAROLD THOMAS MABRY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 4**
**Montgomery County, Texas**
**Trial Cause No. 15-307361**

**MEMORANDUM OPINION**

A jury convicted appellant, Harold Thomas Mabry, of the misdemeanor offense of Boating While Intoxicated ("BWI"). *See* Tex. Pen. Code Ann. § 49.06(a) (West 2011). Mabry appeals, and in his sole appellate issue, complains that the evidence is legally and factually insufficient to sustain his conviction. We affirm the trial court's judgment.

## Background

At around 9:00 p.m., on the evening of July 3, 2015, a deputy constable with the marine patrol division of the Montgomery County Constable's Office was traveling eastbound by boat toward a public dock on Lake Conroe when he witnessed another boat traveling west toward the main open lake area. Because the other boat was operating with no navigational lights, the deputy initiated his own blue overhead police lights to stop the boat and his white takedown light to observe inside the boat. After the deputy turned on his light, he observed Mabry, who was seated in the driver's seat of the other boat at the time, stand up, shift the boat into neutral, and engage the boat's front navigation lights. Another male and two females were aboard Mabry's boat as well. The deputy pulled up to Mabry's boat and made contact with him and the other passengers. Upon administering standardized field sobriety tests, the deputy determined that Mabry was intoxicated beyond legal limits and placed him under arrest. Results of a blood test would later indicate that Mabry's blood alcohol content was 0.214, well over the legal limit. *See* Tex. Pen. Code Ann. § 49.01(2)(B) (West 2011) (defining intoxicated as "having an alcohol concentration of 0.08 or more"). As Mabry was being transported to the jail, he claimed, for the first time, that he had not been the one operating the boat.

The State originally charged Mabry by information with the misdemeanor offense of boating while intoxicated, alleging that "on or about July 3, 2015, in Montgomery County, Texas, HAROLD THOMAS MABRY . . ., while operating a watercraft in a public place[1], was then and there intoxicated[.]" The information further alleged that Mabry was previously convicted of driving while intoxicated, enhancing the offense from a Class B misdemeanor to a Class A misdemeanor. *See* Tex. Pen. Code Ann. § 49.09(a) (West Supp. 2016). The jury found Mabry guilty of the offense as charged, and punishment was assessed by the court. At the punishment phase, Mabry pled true to the enhancement paragraph of prior conviction. The trial court sentenced Mabry to confinement in the Montgomery County Jail for a period of one year, but suspended the sentence and placed him on community supervision for two years and assessed a fine of $1,500. This appeal timely followed.

## Sufficiency of the Evidence

In his sole issue on appeal, Mabry contends that the evidence is legally and factually insufficient to support the jury's guilty verdict. In examining the sufficiency of evidence supporting a jury's verdict of guilt, we view the combined logical force of all admitted evidence in the light most favorable to the prosecution

---

[1] Prior to trial, the State abandoned the language "in a public place" from the information without objection.

to determine whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). "Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015).

A person commits the offense of boating while intoxicated if he "is intoxicated while operating a watercraft." Tex. Pen. Code Ann. § 49.06(a). Mabry conceded at trial that he was intoxicated at the time of his arrest; however, he argues that the evidence was insufficient to establish that he was operating the watercraft. The Penal Code does not define the term "operating"; therefore, the word must "be read in context and construed according to the rules of grammar and common usage." Tex. Gov't Code Ann. § 311.011(a) (West 2013). With that guidance, the Court of Criminal Appeals "has concluded that a person 'operates' a vehicle when 'the totality of the circumstances [ ] demonstrate that the defendant took action to affect the functioning of his vehicle in a manner that would enable the vehicle's use." *Kirsch v. State*, 357 S.W.3d 645, 650–51 (Tex. Crim. App. 2012) (quoting *Denton v. State*, 911 S.W.3d 388, 390 (Tex. Crim. App. 1995)).

4

In this case, the deputy that arrested Mabry testified that when he initially observed Mabry's boat, it was "traveling west out toward the main open lake area." He testified that he observed Mabry seated in the operator's seat and that when he turned on his police lights, he watched Mabry stand from the driver's seat, "punch the switch on his vessel and initiate the front navigation lights," and shift the boat into neutral. The deputy stated that he observed other individuals on the boat, but that his focus was on Mabry, "who [he] observed operating the vessel."

Much of the deputy's testimony was disputed by Tammie Lambert, one of the other occupants of the boat on the evening of Mabry's arrest, who testified on Mabry's behalf. She testified that the group had gotten into Mabry's boat after leaving a friend's house and had pushed away from the dock, but they had an issue with the navigational lights not working, "so they were working with that." She testified that the other male passenger, Patrick Prentice, had been taking turns with Mabry throughout the day driving the boat and that once they got the lights working, Prentice was going to drive the boat because he had not had as much to drink. She stated that at the time the deputy arrived, no one had driven the boat since they left their friend's house and that they were "just floating." She claimed that Mabry was not in the operator's seat at the time of the stop. She also claimed that the boat was never put in gear and that she did not recall the engine even being on.

5

In our review of the evidence, we must defer to the jury's factual findings and resolve all reasonable inferences in favor of their verdict because the jury is the sole judge of the witnesses' credibility and the weight to be afforded to the testimony of each witness. *Brooks v. State*, 323 S.W.3d 893, 902 (Tex. Crim. App. 2010); *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014). The jury may choose to believe or disbelieve any witness, or any portion of a witness's testimony, particularly when there is contradictory evidence. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). The jury in this case was clearly presented with conflicting testimony. Lambert insisted that Mabry was not in the operator's seat and that the boat was not moving; the deputy testified affirmatively and repeatedly that he witnessed Mabry in the operator's seat, with the boat moving in a forward motion prior to the stop, and that Mabry shifted the boat into neutral after the deputy engaged his police lights. Lambert denied that the boat's motor was running before the stop, yet the deputy's body-cam video, admitted into evidence and played for the jury, shows law enforcement officers asking the occupants to turn the boat off and Prentice complying. Lambert asserted that no one was driving the boat before the stop because they could not get the navigational lights to work, but she could not remember if, or explain how, the lights came on immediately after the deputy began flashing his police lights. Lambert testified that Prentice, the other male occupant,

6

had been driving that evening and was going to drive the boat after they got the lights working, but another witness, a customer service clerk at a marina where Mabry frequently launches his boat, testified that Mabry told her after the arrest that it was his girlfriend that was driving that night. Faced with this contradictory testimony, it was within the jury's province to disbelieve or disregard Lambert's testimony and believe the testimony of the deputy that he witnessed Mabry operating the watercraft. *See id.*

Therefore, according due deference to the jury's exclusive right to determine the credibility of the witnesses and the weight to attach to the evidence, and viewing all of the admitted evidence in the light most favorable to the prosecution, we find that there is sufficient evidence by which the jury could have found beyond a reasonable doubt that Mabry was operating the watercraft while intoxicated prior to his arrest. We therefore overrule Mabry's appellate issue and affirm the trial court's judgment.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on June 13, 2017
Opinion Delivered September 27, 2017
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

7