

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-22-00089-CR

MARK ALLEN COCHRAN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 13th District Court
Navarro County, Texas
Trial Court No. D39425-CR

Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

After a Navarro County jury[1] found Mark Allen Cochran guilty of manufacture/delivery of a controlled substance of four or more but less than 200 grams,[2] he was sentenced to sixty-five years' imprisonment. In a single appellate point of error, Cochran contends that the trial court improperly commented on the weight of the evidence in its jury charge, causing him egregious harm. Because the trial court's charge did not comment on the weight of the evidence, we affirm the trial court's judgment of conviction.

Cochran's claim is that the comment on the weight of the evidence effectively occurred when the trial court instructed the jury, "[M]ethamphetamine is a controlled substance." We disagree.

"The purpose of the jury charge is to inform the jur[ors] of the applicable law and guide them in its application." *Beltran De La Torre v. State*, 583 S.W.3d 613, 617 (Tex. Crim. App. 2019) (quoting *Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996)). "A trial judge must maintain neutrality in providing such information and guidance." *Id.* (citing *Brown v. State*, 122 S.W.3d 794, 798 (Tex. Crim. App. 2003)). Further, "[h]e or she may not express any opinion on the weight of the evidence or draw the jury's attention to particular facts." *Id.* When

---

[1] Originally appealed to the Tenth Court of Appeals in Waco, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We are unaware of any conflict between precedent of the Tenth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2] The State's indictment alleged that Cochran "did then and there, knowingly and intentionally possess, with the intent to deliver, a controlled substance, to wit: METHAMPHETAMINE in an amount by aggregate weight, including adulterants and dilutants, of four grams or more but less than 200 grams."

we review a trial court's jury charge, we must first determine whether error occurred; if not, our analysis ends. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012).

According to Cochran, "controlled substance" has a statutorily mandated definition, which the trial court did not use. Cochran directs us to a portion of the court's charge, stating, "A person commits an offense if the person knowingly or intentionally possesses with intent to deliver a controlled substance, and the amount of the controlled substance is, by aggregate weight, including adulterants or dilutants, four grams or more but less than two hundred grams. Methamphetamine is a controlled substance."

Cochran contends that the "correct definition" of a controlled substance is found in Section 481.002 of the Texas Health and Safety Code. Section 481.002(5) states,

> "Controlled substance" means a substance, including a drug, an adulterant, and a dilutant, listed in Schedules I through V or Penalty Group 1, 1–A, 2, 2–A, 3, or 4. The term includes the aggregate weight of any mixture, solution, or other substance containing a controlled substance. The term does not include hemp, as defined by Section 121.001, Agriculture Code, or the tetrahydrocannabinols in hemp.

TEX. HEALTH & SAFETY CODE ANN. § 481.002(5) (Supp.). Cochran maintains that, because the trial court's instruction did not recite the statutory definition of "controlled substance" as set forth in Section 481.002(5), its jury charge contained error.

The Texas Health and Safety Code states, "For the purpose of establishing criminal penalties for violations of this chapter, controlled substances, including a material, compound, mixture, or preparation containing the controlled substance, are divided into Penalty Groups 1-4." TEX. HEALTH & SAFETY CODE ANN. § 481.101. Methamphetamine is listed as a controlled substance in Penalty Group 1. TEX. HEALTH & SAFETY CODE ANN. § 481.102(6) (Supp.).

3

Consequently, the trial court's jury instruction that "methamphetamine is a controlled substance" was neither non-statutory nor harmful because the Texas Legislature has determined that methamphetamine is a controlled substance.

In *Ouellette v. State* 353 S.W.3d 868 (Tex. Crim. App. 2011), the Texas Court of Criminal Appeals stated, "We have previously held that when only a portion of the statutory definition is relevant to the elements of the offense, giving the whole statutory definition may be error." *Id.* at 870. In this case, the trial court simply consolidated the relevant statutory language, resulting in a jury instruction that could be more easily understood. We, therefore, find that the trial court's instructions did not contain error.[3] As a result, Cochran's contention that the claimed error was a comment on the weight of the evidence is also without merit. Therefore, we overrule Cochran's point of error.

We affirm the judgment of the trial court.

Josh R. Morriss, III
Chief Justice

Date Submitted:      December 12, 2022
Date Decided:        December 15, 2022

Do Not Publish

---

[3]Because we find no error in the trial court's instructions, we need not address the issue of harm.

4