

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ANSELMA HONESTO, | § | No. 08-24-00132-CR |
| Appellant, | § | Appeal from the |
| v. | § | 109th District Court |
| THE STATE OF TEXAS, | § | of Andrews County, Texas |
| Appellee. | § | (TC# 8270) |
| | § | |
| | § | |

**<u>MEMORANDUM OPINION</u>**

Following a jury trial, Appellant Anselma Honesto was convicted of driving while intoxicated, third offense or more, enhanced for having been previously convicted for the same offense, and was sentenced to 15 years imprisonment.[1] On appeal, Honesto argues the trial court erred in refusing her requested Article 38.23 jury instruction. *See* Tex. Code Crim. Proc. Ann. art. 38.23. Finding no error, we affirm.

## I. BACKGROUND

On March 29, 2022, Deputy Ryan Taylor with the Andrews County Sheriff's Office was on duty in Andrews County. Meanwhile, Officer Justin Escobar with the City of Andrews Police

---

[1] *See* Tex. Penal Code Ann. § 49.09(b).

Department also worked a night-shift on patrol. At approximately 12:21 a.m., the individual officers responded to a call for service in reference to a white SUV traveling the wrong direction on North U.S. 385 highway which was a four-lane highway divided by a median of grass and dirt with a speed limit of 75 mph. Both Taylor and Escobar responded to the call and, while driving in the northbound lane, they saw a white SUV going southbound in a northbound lane. When Escobar saw the vehicle crossing the median into the direction of the southbound lanes, he activated the unit's emergency lights to conduct a traffic stop. Taylor arrived at about the same time as Escobar, and both officers detained the vehicle. Escobar approached the driver's side and Taylor approached the passenger side. While Taylor spoke with the driver, Escobar observed the inside of the vehicle through the windows. He saw am open beer can on the floor of the backseat.

The female occupant, later identified as Honesto, lowered the window to talk to Taylor, and he asked her for her driver's license. In response, Honesto attempted to hand Taylor "a large wad of cash." Taylor told her he did not need that and asked for her license again. Honesto then gave him her license. When Escobar told Taylor he viewed an open container, Taylor asked Honesto to exit the vehicle. Honesto moved to the front of Taylor's vehicle and Taylor asked her whether she was aware she had been driving on the wrong side of the road. She answered that the officers' presence made her aware of that circumstance. Taylor described that he detected a strong odor of alcoholic beverage from Honesto's breath and person. He asked her whether she had been drinking to which she replied, "yes, two beers." She also informed Taylor that she was going to Odessa from Lubbock.

While Taylor continued talking to Honesto, Escobar conducted a search of the vehicle. During his search, Escobar found two medication bottles. One bottle was unlabeled with multiple pills of various color and shape in the bottle. The other bottle was labeled as hydrocodone,

prescribed to Honesto, and it was empty. He also collected the opened beer can and testified it was three-quarters full and cold to the touch.

Taylor conducted field sobriety tests on Honesto. He testified that he observed four clues on the horizontal gaze nystagmus test (HGN)—a test looking for jerking of the eyes as a sign of impairment. Specifically, he observed two clues for lack of smooth pursuit in the left eye and two clues for lack of smooth pursuit in the right eye. Taylor then started to conduct a Walk and Turn test—walking in a straight line with one foot in front of another, heel-to-toe, with hands at the side. He guided Honesto into the proper position, ensuring there was enough room for testing away from the vehicle. He testified he observed that she had trouble maintaining her balance. Honesto revealed that she had a knee injury from about five years ago. Taylor saw that she kept stepping off the straight line and could not maintain her balance for more than a few seconds.

Taylor then placed Honesto under arrest for driving while intoxicated. As he placed her into the back of his unit, he read her the statutory warnings. He requested a breath sample from Honesto, which she refused and refused, as well, to sign the written warning. He then advised her that he would be applying for a warrant requiring her to submit to a blood draw and for testing of her blood. To obtain the warrant, Taylor filled out a pre-printed affidavit form, which included blanks lines for an affiant to fill out, and  boxes to check in response to certain questions. Within his affidavit, Taylor included facts about the traffic investigation he conducted on March 29, 2022. Among other things, he described that he observed Honesto driving a vehicle southbound in a northbound lane of traffic, that she exhibited clues on HGN testing, that she smelled of alcohol, that she admitted she had drunk two beers earlier that day, and that he found an open container of an alcoholic beverage in the front seat cup holder. Upon testing of her blood drawn on March 29,

3

2022, the analysis revealed that Honesto had a blood alcohol content of 0.258 grams of alcohol per 100 milliliters of blood.

After deliberating, the jury returned a verdict of guilty on the indicted charge of driving while intoxicated, third or more. Following Honesto's plea of true to an enhancement paragraph charging she had previously been convicted of the felony offense of driving while intoxicated, third or more, and following the presentment of evidence during the punishment phase of trial, the jury assessed punishment at 15 years imprisonment. The trial court entered a judgment of conviction in accordance with the jury's verdict. This appeal followed.

## II. DISCUSSION

In a single issue, Honesto contends she was entitled to an instruction in the jury charge consistent with Article 38.23. Specifically, Honesto argues that she pointed out certain contradictions at trial between Taylor's report, his testimony, and the blood search warrant, all of which raised a disputed issue regarding the probable cause and lawfulness of the warrant leading to the testing of her blood and admission of blood-alcohol evidence.

### A. Standard of review and applicable law

We review a complaint about jury-charge error in two steps. First, we determine whether an error occurred. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). If so, we then analyze the error for harm. *Id.*

A defendant's right to the submission of an Article 38.23(a) jury instruction "is limited to disputed issues of fact that are material to [her] claim of a constitutional or statutory violation that would render evidence inadmissible." *Madden v. State*, 242 S.W.3d 504, 509–10 (Tex. Crim. App. 2007). The following statutory requirements must be met: (1) the evidence heard by the jury must raise an issue of fact; (2) the evidence on that fact must be affirmatively contested; and (3) that

4

contested factual issue must be material to the lawfulness of the challenged conduct in obtaining the evidence. *Id.* at 510. When these requirements are met, "the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of [Article 38.23], then and in such event, the jury shall disregard any such evidence so obtained." Tex. Code Crim. Pro. Ann. art. 38.23 (a).

The evidence at trial must raise a genuine dispute about a material fact; if there is no qualifying fact issue, the legality of the conduct is determined by the court alone, as a question of law. *Id.* at 510. In order for there to be a conflict in the evidence such that it raises a disputed fact issue, there must be some affirmative evidence in the record that puts the existence of that fact in question. *Id.* at 513. Furthermore, if other facts, not in dispute, are sufficient to support the lawfulness of the challenged conduct, then the disputed fact issue is not material to the ultimate admissibility of the evidence and the dispute is not to be submitted to the jury. *Id.* The disputed fact issue must be essential to deciding the lawfulness of the challenged conduct. *Id.* at 511.

A defendant's right to an Article 38.23 instruction is not invoked unless affirmative evidence puts the existence of the challenged fact in question. *See Madden v. State*, 242 S.W.3d 504, 513 (Tex. Crim. App. 2007). Questions posed on cross-examination do not create a conflict in the evidence, but answers might. *Id.* Further, the jury's right to disbelieve a witness's testimony in whole or part does not create a factual dispute as to Article 38.23. *See Cadoree v. State*, 331 S.W.3d 514, 521 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd). When the evidence does not raise a fact issue, the trial court should not charge the jury under Article 38.23(a). *See Madden*, 242 S.W.3d at 510, 518.

**B. Analysis**

Honesto contends a contested fact issue arose as to whether "Deputy Taylor included a full and accurate statement of the facts he relied upon to determine probable cause to search . . . [her] blood." She urges she pointed out contradictions by Taylor as to his report, his trial testimony, and the content of his search warrant affidavit. Specifically, Honesto contends that Taylor included contradictory facts in his affidavit as he had noted that Honesto appeared both "calm" and "anxious" during his road-side investigation. Also, she contends that Taylor had contradicted his written report when he testified about Honesto's performance of the walk-and-turn and one-leg stand, which are part of the field sobriety testing he conducted on the night in question. Honesto also points out that Taylor testified he chose not to administer two other field tests yet his affidavit asserted that Honesto had refused to perform those tests. Finally, she points out that Taylor's affidavit omitted certain factual details including that she had recently sustained a leg injury and the pill bottles found in her vehicle had contained aspirin. Honesto contends that she affirmatively contested this evidence at trial because Taylor had otherwise testified that he "put everything in the warrant necessary to convince" the issuing judge to sign the search warrant that he sought for blood testing. Therefore, Honesto contends that whether the affidavit contained a full and accurate recounting of the facts in support of his reasonable suspicion was affirmatively contested at trial.

Honesto also contends the "left out" facts are material to the sufficiency of the affidavit because the trial judge had differed from the magistrate judge who granted the search warrant for the blood testing. Because of this circumstance, Honesto contends a question arose at trial as to whether the magistrate judge would have granted the search warrant had Taylor put *all* relevant facts in the affidavit, both good and bad. Honesto contends the only way to answer that question is to give an instruction about the disputed issue to the jury.

We disagree that Honesto presented an affirmative fact issue that was material to the sufficiency of the probable cause affidavit. *See Madden*, 242 S.W.3d at 510. First, although Honesto frames the issue as an affirmative fact issue because Taylor conceded at trial that he might have left out some "exculpatory information" from the affidavit, the evidence presented does not actually contest the facts included in the affidavit. Specifically, Honesto does not contest the following facts included in the affidavit: that Honesto was observed driving southbound in a northbound lane of a four-lane divided highway, where two lanes travelling in each direction are separated by a grassy median; that she exhibited clues of impairment on the horizontal gaze nystagmus test; that she smelled of alcohol; that she admitted to drinking two beers; and that Taylor found an open container of an alcoholic beverage in her vehicle. Even if Taylor left out certain details, none of the "left out" facts dispute the existing facts in the affidavit and Honesto does not otherwise point to evidence that affirmatively puts the existence of facts supporting probable cause into dispute. Thus, Honesto's complaint is insufficient to raise a fact issue material to the determination of probable cause in support of the search warrant for her blood. *See Olsen v. State*, 606 S.W.3d 342, 351 (Tex. App.—Houston [1st Dist.] 2020, no pet.) ("Because Olsen failed to contest all facts material to the lawfulness of her arrest in this case, we conclude that Olsen has not raised a fact issue essential to the determination of probable cause."); *Serrano v. State*, 464 S.W.3d 1, 8 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd) (holding appellant failed to raise a fact issue and therefore was not entitled to an Article 38.23 instruction); *Rocha v. State*, No. 03-07-00579-CR, 2009 WL 1364347, at *8 (Tex. App.—Austin May 12, 2009, no pet.) (mem. op.) (holding there was no affirmative evidence putting the existence of facts into dispute when there were only insinuations by defense counsel that they were lies).

Additionally, none of the "left out" facts identified by Honesto were material to a determination of the sufficiency of the probable cause in the affidavit. Honesto's purported factual dispute—i.e., that Taylor left out certain facts from his affidavit—was not material to the lawfulness of the ultimate search of her blood. The facts omitted—including that Honesto claimed she had a leg injury at the time of the testing, that a pill bottle for aspirin was located in her car, and that Taylor himself chose not to perform certain tests on Honesto, whether viewed individually or cumulatively—were immaterial as they fail to challenge the genuine existence of facts in support of probable cause. Accordingly, these "omitted" facts, even if they could rise to a fact issue, were not material to the lawfulness of the search of Honesto's blood. *In Matter of T.L.R.*, No. 04-14-00596-CV, 2015 WL 5157031, at *4 (Tex. App.—San Antonio Sept. 2, 2015, no pet.).

Because we conclude the trial court did not err in denying Honesto's request for an Article 38.23 instruction, her sole issue is overruled.

## III. CONCLUSION

We affirm the judgment of conviction.

GINA M. PALAFOX, Justice

May 30, 2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

(Do Not Publish)