

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00131-CR

---

**EDWARD JOSEPH JARVIS, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

---

On Appeal from the County Criminal Court No. 8
Tarrant County, Texas[1]
Trial Court No. 1788705, Honorable Charles L. Vanover, Presiding

---

August 26, 2025

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Edward Joseph Jarvis, appeals his conviction for driving while intoxicated with an alcohol concentration of 0.15 or more.[2]  The trial court assessed Appellant's punishment at 120 days' incarceration but suspended the sentence and

---

[1] This cause was originally filed in the Second Court of Appeals and was transferred to this Court by a docket-equalization order of the Supreme Court of Texas.  *See* TEX. GOV'T CODE ANN. § 73.001.  In the event of any conflict, we apply the transferor court's case law.  TEX. R. APP. P. 41.3.

[2] *See* TEX. PENAL CODE ANN. § 49.04(a), (d).

placed him on community supervision for a period of fifteen months. By his appeal, Appellant contends that the trial court committed reversible jury charge error. We affirm the trial court's judgment.

As Appellant's sole challenge relates to the jury charge, we will not address the facts of the case. Appellant was charged by information with the offense of driving while intoxicated with an alcohol concentration of equal to or more than 0.15. After the evidence was presented to the jury, the trial court held a charge conference outside the presence of the jury. The trial court's proposed jury charge included the following application paragraph:

> Now, if you find from the evidence beyond a reasonable doubt that in Tarrant County, Texas, on or about the 24th day of June 2023, the defendant, Edward Joseph Jarvis, did then and there operate a motor vehicle in a public place while the said defendant was intoxicated and that an analysis of a specimen of the defendant's blood or breath in this case showed an alcohol concentration level of 0.15 or more at the time the analysis was performed, then you will find the defendant guilty as charged.

Appellant objected to the trial court's proposed jury charge and presented an alternative charge that would first ask the jury to determine whether Appellant was guilty of driving while intoxicated and then present a special issue instructing the jury that if it finds Appellant guilty, it must then determine whether his blood or breath showed an alcohol concentration level of 0.15 or more at the time of the analysis. The trial court overruled Appellant's objection and charged the jury in the manner initially proposed.

When addressing a claim of jury charge error, an appellate court must first determine whether the jury charge is erroneous. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). If the charge is not erroneous, our analysis ends. *Knight v. State*,

504 S.W.3d 524, 527 (Tex. App.—Fort Worth 2016, pet. ref'd). If error occurred, whether it was preserved determines the degree of harm required for reversal. *Id.*

The same argument advanced by Appellant was addressed by the Fort Worth court in *Johnson v. State*, No. 02-17-00120-CR, 2018 Tex. App. LEXIS 3750, at *6–9 (Tex. App.—Fort Worth May 24, 2018, no pet.) (mem. op., not designated for publication). There, as here, the appellant did not identify any record evidence that the jury was confused by the charge. *Id.* at *7. The *Johnson* court noted that the Class A and B offenses of driving while intoxicated are two separate offenses with different elements. *Id.* at *8; *see Navarro v. State*, 469 S.W.3d 687, 696 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd) (holding that showing of alcohol concentration over 0.15 creates new offense and is not an enhancement). Appellant has not cited any authority requiring that the showing of a 0.15 alcohol concentration be separately charged.[3] We have found no such authority. *See Moore v. State*, No. 10-09-00386-CR, 2010 Tex. App. LEXIS 6762, at *4–5 (Tex. App.—Waco Aug. 18, 2010, pet. ref'd) (mem. op., not designated for publication) (error to submit jurisdictional elements of felony assault with bodily injury on a family member as special issues). Finally, the jury charge here, like in *Johnson*, properly tracks the statute under which Appellant was charged. 2018 Tex. App. LEXIS 3750, at *8 (citing *Riddle v. State*, 888 S.W.2d 1, 8 (Tex. Crim. App. 1994) (en banc), as stating that "[a] jury charge which tracks the language of a particular statute is a proper

---

[3] Appellant cites *Madrid v. State*, No. 01-15-00977-CR, 2017 Tex. App. LEXIS 3979, at *29–33 (Tex. App.—Houston [1st Dist.] May 2, 2017, no pet.) (mem. op., not designated for publication), to support his claim of error in the jury charge. However, the court in *Madrid* expressly avoided determining whether submission of a jury charge in the way Appellant advocates would be erroneous and certainly did not determine that the failure to do so would constitute reversible error. *Id.* at *32. *Madrid* is the only case cited by Appellant in the argument portion of his brief.

charge on the statutory issue").  We conclude that the trial court did not err in overruling Appellant's jury charge objection.  We overrule Appellant's sole issue.

## CONCLUSION

Having overruled Appellant's sole issue, we affirm the judgment of the trial court.


Judy C. Parker
                                                                Justice


Do not publish.