**Affirmed; Opinion Filed October 4, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-01046-CR

**JOE SANTILLANA, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. F1412813**

## MEMORANDUM OPINION
Before Justices Stoddart, Whitehill, and Boatright
Opinion by Justice Stoddart

A jury convicted Joe Alejandra Santillana of aggravated sexual assault of a child and sentenced him to sixty years' incarceration. In two issues, appellant argues the trial court abused its discretion by allowing the State to introduce evidence pursuant to article 38.37 of the Texas Code of Criminal Procedure and the jury instructions were improper. We affirm the trial court's judgment.

In his first issue, appellant argues the trial court abused its discretion by allowing the State to introduce evidence to the jury during the guilt/innocence phase of trial under article 38.37 of the code of criminal procedure because the evidence did not comply with the statutory requirements. *See* TEX. CODE CRIM. PROC. ANN. art. 38.37. Appellant was charged with aggravated sexual assault against B.T., a child. Before trial began, the State requested a hearing

about evidence it sought to offer pursuant to article 38.37. The evidence related to uncharged instances of sexual misconduct by appellant with B.T. and two other girls, A.S. (12 years old at the time of trial) and M.S. (14 years old at the time of trial). During the hearing, which was outside of the jury's presence, A.S. and M.S. testified about appellant's acts against them. B.T. also testified about uncharged conduct. Following the testimony, appellant argued B.T. lacked credibility and the witnesses' testimony was more prejudicial than probative. He did not assert the evidence did not comply with the statutory requirements of article 38.37. The trial court permitted the witnesses to testify in front of the jury.

On appeal, appellant asserts the testimony of A.S. did not meet the requirements of article 38.37, section 2, and the testimony of A.S. and M.S. was inadmissible under evidentiary rule 404(b). The objections appellant made in the trial court do not comport with the complaints he now raises on appeal. To preserve error, a party must object and state the ground for the objection with enough specificity to make the trial judge aware of the complaint, unless the specific grounds were apparent from the context. TEX. R. APP. P. 33.1(a)(1). The objection must be sufficiently clear to give the judge an opportunity to address and, if necessary, correct any error. *Thomas v. State*, 505 S.W.3d 916, 924 (Tex. Crim. App. 2016). If a trial objection does not comport with the argument on appeal, error has not been preserved. *Id.*; *see also Cope v. State*, No. 05-17-00515-CR, 2018 WL 2926752, at *2 (Tex. App.—Dallas June 7, 2018, no pet.) (applying rule 33.1 to evidence admitted under article 38.37). Appellant's objections related to the testimony about which he now complains were limited to those made at the hearing and concerned credibility and whether the evidence was more prejudicial than probative. Appellant did not inform the trial judge of the complaints he now makes on appeal. Accordingly, we conclude appellant has not preserved this issue for our review. We overrule appellant's first issue.

In his second issue, appellant argues the trial court failed to properly charge the jury on the law of the case pertaining to sections 1 and 2 of article 38.37, which egregiously harmed him. Appellant concedes he did not object to the charge at trial.

We review alleged jury charge error in two steps. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). First, we determine whether error exists in the charge. *Id*. Second, if charge error exists, we review the record to determine whether the error caused sufficient harm to warrant reversal. *See id*. Where, as here, the defendant did not raise a timely objection to the jury instructions, "reversal is required only if the error was fundamental in the sense that it was so egregious and created such harm that the defendant was deprived of a fair and impartial trial." *Villarreal v. State*, 453 S.W.3d 429, 433 (Tex. Crim. App. 2015). Error is egregiously harmful if it "affect[s] the very basis of the case, deprive[s] the defendant of a valuable right, or vitally affect[s] a defensive theory." *Nava v. State*, 415 S.W.3d 289, 298 (Tex. Crim. App. 2013). Egregious harm is a "high and difficult standard which must be borne out by the trial record." *Young v. State*, 283 S.W.3d 854, 880 (Tex. Crim. App. 2009). The defendant must have suffered "actual rather than theoretical harm." *Cosio v. State*, 353 S.W.3d 766, 777 (Tex. Crim. App. 2011).

The jury charge states:

> You are instructed that if there is any testimony before you in this case regarding the defendant having committed other crimes, wrongs or bad acts against the complaining witness in the indictment in this case or other witnesses not in the indictment, that evidence was admitted for the purpose of aiding you, if it does, in determining the state of mind of the defendant and the child and or the previous and subsequent relationship between the defendant and the child. You cannot consider such testimony for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other offenses, if any were committed. Then, you may only consider such evidence to assist you, if it does as described above or, in determining motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, lack of accident, character of the defendant or acts performed in conformity with the character of the defendant.

Appellant asserts this charge improperly allowed the jury to consider evidence admitted under article 38.37 for all purposes, including proof of character and proof of the offense charged through conformity with that proven character.

The Austin Court of Appeals considered a similar argument made to a similar provision in a jury charge in *Tolbert v. State*, No. 03-16-00505-CR, 2017 WL 6759145, at *9 (Tex. App.—Austin Dec. 22, 2017, no pet.) (mem. op., not designated for publication).[1] In *Tolbert*, the court concluded that because the complained-of language included instructions consistent with the statutory provisions, the charge was not erroneous. *See id.* As in *Tolbert*, the extraneous offense evidence admitted against appellant was pursuant to article 38.37, sections 1 and 2. The extraneous offenses committed against B.T. (i.e., those offenses not alleged in the indictment) were offered and admitted pursuant to section 1(b), which provides that "evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense shall be admitted for its bearing on relevant matters, including: (1) the state of mind of the defendant and the child; and (2) the previous and subsequent relationship between the defendant and the child." TEX. CODE CRIM. PROC. ANN. art. 38.37, § 1(b). The extraneous offenses committed against A.S. and M.S. were admitted pursuant to section 2(b), which allows evidence of a defendant's extraneous sexual offenses committed against other children to be admitted "for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant." *See id*. art. 38.37, § (2)(b). The trial court's

---

[1] The jury instruction in *Tolbert* stated:

> You are instructed that if there is any testimony before you in this case regarding the Defendant's having committed offenses other than the offense alleged against him in the indictment in this case, you cannot consider said testimony for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other offenses, if any were committed, and even then you may only consider the same in determining the intent, knowledge, motive, preparation or plan of the defendant, if any, in connection with the offense, if any, alleged against him in the indictment in this case, or to rebut the defensive theory of the defendant, if any, or for its bearing on the state of mind of the defendant and the child or the previous and subsequent relationship between the defendant and the child and for any bearing the evidence has on relevant matters, including the character of the defendant and the acts performed in conformity with the character of the defendant.

*Tolbert*, 2017 WL 6759145, at *8.

instruction regarding consideration of the extraneous offense evidence included instructions consistent with these statutory provisions. *See Tolbert*, 2017 WL 6759145, at *9. Because the instruction contained language instructing the jury that it could consider the extraneous offense evidence for the purposes set forth in article 38.37, we conclude that the jury charge was not erroneous. *Id.*

Even assuming the complained-of language does constitute error in the jury charge, we cannot conclude it caused appellant egregious harm. As noted above, the jury was instructed it could consider the extraneous offense evidence for the appropriate purposes set forth in article 38.37. We presume the jurors understood and followed the court's instructions in the jury charge absent evidence to the contrary. *Luquis v. State*, 72 S.W.3d 355, 366 (Tex. Crim. App. 2002). Additionally, the extraneous offense evidence in this case was admitted for all purposes because appellant did not request a limiting instruction when the evidence was admitted. "A failure to request a limiting instruction at the time evidence is presented renders the evidence admissible for all purposes and relieves the trial judge of any obligation to include a limiting instruction in the jury charge." *Williams v. State*, 273 S.W.3d 200, 230 (Tex. Crim. App. 2008); *Tolbert*, 2017 WL 6759145, at *9. When the State introduced evidence of appellant's extraneous sexual abuse offenses, appellant did not ask the trial court to instruct the jury that it could consider the evidence of the extraneous sexual offenses for only limited purposes, including the purposes set forth in article 38.37. Thus, the evidence regarding the offenses was admitted for all purposes. *See Delgado v. State*, 235 S.W.3d 244, 251 (Tex. Crim. App. 2007) ("Once evidence has been admitted without a limiting instruction, it is part of the general evidence and may be used for all purposes."); *Hammock v. State*, 46 S.W.3d 889, 895 (Tex. Crim. App. 2001) ("Because appellant did not request a limiting instruction at the first opportunity, the evidence was admitted for all purposes."). Thus, the jury was permitted to consider it for any purpose. We conclude that the jury charge,

even if erroneous as appellant suggests, did not cause appellant egregious harm. We overrule appellant's second issue.

We affirm the trial court's judgment.

/Craig Stoddart/
CRAIG STODDART
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
161046F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
# JUDGMENT

JOE SANTILLANA, Appellant

No. 05-16-01046-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 1, Dallas County, Texas
Trial Court Cause No. F1412813.
Opinion delivered by Justice Stoddart.
Justices Whitehill and Boatright
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 4th day of October, 2018.