

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00278-CR

———————————————

MEGAN ELISE MAYBERRY, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 43rd District Court
Parker County, Texas
Trial Court No. CR21-0929

---

Before Sudderth, C.J.; Birdwell and Walker, JJ.
Memorandum Opinion by Justice Birdwell

# MEMORANDUM OPINION

A jury convicted Megan Mayberry of the offense of tampering with a government record with intent to harm or defraud another and assessed her punishment at two years' confinement in a state jail facility. The jury recommended that the confinement portion of the sentence be suspended and that Mayberry be placed on community supervision. The trial court sentenced Mayberry accordingly and placed her on community supervision for a period of five years. Mayberry argues in two points on appeal that the trial court erred by denying her requested instruction on the statutory defense to tampering with a government record and by requiring her to reimburse the cost of her appointed counsel. We affirm the judgment and modify the trial court's order requiring reimbursement of attorney's fees.

## I. Background

Mayberry entered into a plea agreement to resolve a speeding ticket she received in Parker County. Pursuant to the plea agreement, Mayberry was to perform 22.5 hours of community service in lieu of $278 in fines and fees. Mayberry returned her Certificate of Community Service and certified that she worked the required hours of community supervision at the Weatherford Public Library and the Weatherford Parker County Animal Shelter.

A clerk from the justice court attempted to verify that Mayberry worked the required hours. Mayberry had certified that she worked 4 hours at the Weatherford Public Library. When the clerk called to verify the hours, the library could not confirm

Mayberry worked 4 hours. The employee who supervised Mayberry at the library testified at trial that he "signed off" for 1 hour on Mayberry's time sheet. The employee reviewed Mayberry's certificate of community service and stated that "4" on the form did not appear to be his handwriting.

Mayberry had certified that she worked 9.5 hours at the animal shelter on May 26, 2021, and that on June 3, 2021, she worked 9 hours at the animal shelter. Again, the clerk of the justice court was unable to verify that Mayberry worked those hours. Mayberry was supposed to sign in upon arriving at the animal shelter and sign out when leaving. An employee from the animal shelter testified at trial that Mayberry worked on June 26, 2021, and July 3, 2021, and that on both days she signed in around 11:00 a.m. but did not sign out. The employee testified that it was not possible for Mayberry to have worked 9 or more hours on those days because Mayberry arrived at 11:00 that morning, and the animal shelter closes at 4:00 p.m.

## II. Jury Instruction

In her first point, Mayberry argues that the trial court erred by denying her requested jury instruction on the statutory defense to tampering with a government record.

### A. Standard of Review

We must review "all alleged jury-charge error . . . regardless of preservation in the trial court." *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). In reviewing

3

a jury charge, we first determine whether error occurred; if we determine no error occurred, our analysis ends. *Id.*

## B. Tampering with a Government Record

A person commits the offense of tampering with a governmental record if she "makes, presents, or uses any record, document, or thing with knowledge of its falsity and with intent that it be taken as a genuine governmental record" or "makes, presents, or uses a governmental record with knowledge of its falsity." Tex. Penal Code Ann. § 37.10(a)(2), (5). An offense is a Class A misdemeanor unless the actor's intent is to "defraud or harm another, in which event the offense is a state jail felony." *Id.* § 37.10(c)(1).

> The indictment alleged in two paragraphs that Mayberry,
>
> with intent to harm or defraud another, namely Dusty Vinson, Justice of the Peace Precinct 3, used or presented a document, namely a Certificate of Community Service, with falsified hours and/or signatures, with knowledge of its falsity and with intent that it be taken as a genuine governmental record, [Tex. Penal Code. Ann. § 37.10(a)(2), and]
>
> . . . with intent to defraud or harm another, namely Dusty Vinson, Justice of the Peace Precinct 3, used or presented a government record, namely a Certificate of Community Service, with knowledge of its falsity, namely: with falsified hours and/or signatures[, Tex. Penal Code. Ann. § 37.10(a)(5)].

Dusty Vinson, Justice of the Peace Precinct 3, testified at trial and acknowledged that he was listed in the indictment as the injured party. Judge Vinson stated that he did not personally suffer any harm or loss, but that it was his office that was harmed. When

asked if his office lost any revenue, Judge Vinson responded that it did not. Judge Vinson testified that Mayberry's actions added extra court proceedings.

## C. Defensive Instructions

"It is well settled that an accused has the right to an instruction on any defensive issue raised by the evidence, whether that evidence is weak or strong, unimpeached or contradicted, and regardless of what the trial court may or may not think about the credibility of the evidence." *Granger v. State*, 3 S.W.3d 36, 38 (Tex. Crim. App. 1999). Mayberry requested the trial court to instruct on the defense provided in Penal Code Section 37.10, which states: "It is a defense to prosecution under Subsection (a)(1), (a)(2), or (a)(5) that the false entry or false information could have no effect on the government's purpose for requiring the governmental record." Tex. Penal Code Ann. § 37.10(f).

Mayberry argues on appeal that Judge Vinson's testimony shows that his office suffered no adverse consequences from her actions and "implicitly raises the 'safety valve' put in place by the legislature where a tampering with a governmental record allegation—even if accurate—implicates nothing more than *de minimus* consequences," citing as authority *Chambers v. State*, 523 S.W.3d 681, 687–88 (Tex. App.—Corpus Christi–Edinburg 2017), *aff'd in part & rev'd in part*, 580 S.W.3d 149 (Tex. Crim App. 2019).

In *Chambers*, a police chief instructed another officer to fill out firearms qualifications forms indicating that fourteen different reserve police officers had passed

a firearms qualification practical pistol course when they had not passed the course. *Id.* at 684–85. The police chief was convicted on fourteen counts of tampering with government records. *Id.* at 684. The police chief argued that the firearms qualification forms were not governmental records because they were not legally required to be kept. *Id.* at 686. In concluding that the firearms qualification forms were governmental records, the court stated that the State did not need to prove that the firearms qualification records were required by law to be kept. *Id.* at 686–87. In response to the police chief's contentions that the broad determination of the definition of governmental record would lead to an absurd result, the court stated:

> [T]he defense set forth in section 37.10(f) serves as a safety valve that would generally prevent conviction in cases where the record at issue, though 'kept' by a government entity 'for information,' is insignificant or otherwise unrelated to the entity's governmental function. The existence of the section 37.01(f) defense therefore undercuts [the police chief's] argument that a broad interpretation of 'governmental records' would lead to absurd results.

*Id.* at 687–88 (footnote omitted). The court's statement was not a holding related to the elements of the Section 37.10(f) statutory defense or the evidence required to raise the defense. *See id.*

The Court of Criminal Appeals agreed with the appellate court's holding that the firearms qualification forms were governmental records. *Chambers*, 580 S.W.3d at 156. The Court of Criminal Appeals remanded the case to the intermediate court to "evaluate the meaning of 'government's purpose for requiring the governmental record'" in § 37.10(f) and, based on its determined meaning, consider whether the evidence was

6

sufficient to overcome the statutory defense." *Id.* at 161. On remand, the court of appeals stated:

> Again, the § 37.10(f) defense applies if "the false entry or false information could have no effect on the government's purpose for requiring the governmental record." Tex. Penal Code Ann. § 37.10(f). The plain language of § 37.10(f) seems to assume the existence of two facts: (1) that the government "requir[ed]" the record at issue; and (2) that the government had a "purpose" for requiring the record. *See id.* These facts are not essential elements of the offense which the State must allege or prove. *See id.* § 37.10(a); *Chambers*, 580 S.W.3d at 156 ("Under the plain text of the statute, the purpose is relevant to the defense to prosecution, not an element of the offense."). But if appellant met his burden to produce evidence supporting these facts and the other elements of the § 37.10(f) defense, then he would be entitled to an instruction on the defense, and the State's burden would include proving beyond a reasonable doubt that the defense is untrue. *See Zuliani* [*v. State*], 97 S.W.3d [589,] 594 [(Tex. Crim App. 2003)].

*Chambers v. State*, No. 13-16-00079-CR, 2020 WL 1856465, at \*3 (Tex. App.—Corpus Christi–Edinburg Apr. 9, 2020, pet. ref'd) (mem. op., not designated for publication). Therefore, *Chambers* does not provide authority for Mayberry's argument that she was entitled to the defensive instruction because Judge Vinson's testimony shows that his office suffered no adverse consequences from her actions.

Mayberry's burden of production requires her to adduce some evidence that would support a rational finding in her favor on the defensive issue. *See Braughton v. State*, 569 S.W.3d 592, 608–09 (Tex. Crim. App. 2018). The elements of the Section 37.10(f) defense are (1) proof of the government's purpose for requiring the governmental record, and (2) proof that the false document could have no effect on that purpose. *See* Tex. Penal Code Ann. § 37.10(f); *Shelley v. State*, No. 08-02-00031-CR,

2002 WL 31777637, at *2 (Tex. App.—El Paso Dec. 12, 2002, no pet.) (not designated for publication). The State's burden of persuasion does not require it to introduce evidence disproving the defense; rather, it requires the State to prove its case beyond a reasonable doubt. *Braughton*, 569 S.W.3d at 608–09.

Judge Vinson's Order for Deferred Disposition required Mayberry to complete 22.5 hours of community supervision and to submit a certification of compliance. Upon her compliance with the order for deferred disposition, Mayberry's speeding case would be dismissed. The evidence at trial showed that the purpose of the Certificate of Community Supervision was to prove compliance with the Order for Deferred Disposition and to allow the proper disposition of the speeding case. Therefore, to be entitled to the defensive instruction, Mayberry was required to produce evidence that the falsified Certificate of Community Service would have no effect on the government's purpose for requiring that governmental record—obtaining proof that she complied with the terms of her deferred adjudication to allow dismissal of her speeding case. Mayberry did not meet her burden.

Mayberry contends that Judge Vinson's candid testimony that his office suffered no adverse consequences from her falsifying the Certificate of Community Service provides evidence that entitles her to the defensive instruction; however, as previously discussed, that testimony does not raise evidence on the elements of the defense. There is no evidence in the record to show that Mayberry's submission of a falsified Certificate of Community Service had no effect on the government's purpose of obtaining proof

8

that she complied with the terms of her deferred adjudication to allow dismissal of the speeding case. The trial court did not err by denying Mayberry's requested jury instruction on the statutory defense to tampering with a government record. We overrule her first point.

### III. Attorney's Fees

In her second point, Mayberry argues that the trial court erred by requiring her to reimburse the cost of her appointed counsel. Mayberry had retained counsel at trial but applied to have appointed counsel for her appeal. The State agrees with Mayberry that the trial court erred by requiring her to reimburse the cost of her appointed counsel.

The order appointing appellate counsel contained the following provision:

> √ APPOINTMENT WITH REIMBURSEMENT
> The defendant is entitled to the appointment of counsel because √ defendant is indigent; √ **it is in the interests of justice**. Defendant presently has financial resources and/or an ability to pay all or part of the cost of legal services and related expenses to be provided. The defendant is appointed counsel in this matter; however defendant shall contribute to the cost of the legal services and related expenses.

The order appears to be a form used in Parker County for the appointment of counsel. *See Jones v. State*, No. 02-21-00214-CR, 2023 WL 3017656, at *2 (Tex. App.—Fort Worth Apr. 20, 2023, no pet.) (mem. op., not designated for publication); *Guevara v. State*, No. 02-21-00069-CR, 2022 WL 1042919, at *1 (Tex. App.—Fort Worth Apr. 7, 2022, no pet.) (mem. op., not designated for publication); *Furstonberg v. State*, Nos. 02-21-00078-CR, 02-21-00079-CR, 02-21-00080-CR, 2022 WL 5240473 at *4 (Tex. App.—

9

Fort Worth Oct. 6, 2022, pet. ref'd) (mem. op., not designated for publication). In each of those cases, this court found error in the order requiring the reimbursement of attorney's fees.

We once again find error in the order requiring reimbursement of attorney's fees. Article 26.05(g) of the Texas Code of Criminal Procedure provides that

> [i]f the judge determines that a defendant has financial resources that enable the defendant to offset in part or in whole the costs of the legal services provided to the defendant in accordance with Article 1.051(c) or (d), including any expenses and costs, the judge shall order the defendant to pay during the pendency of the charges or, if convicted, as a reimbursement fee the amount that the judge finds the defendant is able to pay.

Tex. Code Crim. Proc. Ann. art. 26.05(g).

In this case, the application for appointed counsel was reviewed by an intake coordinator for Parker County who found that Mayberry appears to qualify as indigent. The order checked both that Mayberry is indigent and also that appointment was in the interest of justice. "A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." *Id.* art. 26.04(p). The defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees. *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). There is nothing in the record to show a material change in Mayberry's financial circumstances after the appointment of counsel to represent her on appeal. *See* Tex. Code Crim. Proc. Ann.

10

art. 26.04(p); *Furstonberg*, 2022 WL 5240473, at \*4. In addition, there is no evidence that Mayberry had the financial resources to meet the ability-to-pay standard. *See Jones*, 2023 WL 3017656, at \*3; *Guevara*, 2022 WL 1042919, at \*3.

Moreover, the order appointing counsel is not signed by the trial judge, but rather it is signed by the court coordinator.[1] Therefore, there is no determination by the trial judge, as required by Article 26.05(g), that Mayberry has the financial resources to pay all or part of the cost of her legal services. We conclude that the order requiring reimbursement was in error. We sustain her second point.

## IV. Conclusion

Because we overrule Mayberry's first point, we affirm the trial court's judgment. Having sustained Mayberry's second point, we modify the trial court's order appointing counsel to delete the finding that Mayberry has the ability to contribute to the costs of her legal fees.

/s/ Wade Birdwell

Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  September 28, 2023

---

[1]Article 26.04 authorizes the judges of the county court, statutory county courts, and district courts trying criminal cases in the county, or the judges' designee, to appoint counsel for indigent defendants in the county. Tex. Code Crim. Proc. Ann. art. 26.04(b). We note that neither the appointment nor the record reflects an order from the judge making such a designation.

11