**Affirmed and Opinion Filed October 26, 2023**



**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-01134-CR**

**JORDAN CHRISTOPHER JACOBS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-84157-2021**

## MEMORANDUM OPINION

Before Justices Carlyle, Smith, and Kennedy
Opinion by Justice Carlyle

A jury found appellant Jordan Christopher Jacobs guilty of capital murder and the court sentenced him to life imprisonment without the possibility of parole. In three issues, he challenges (1) the legal sufficiency of the evidence, (2) the trial court's removal of an equivocating juror, and (3) the trial court's refusal to charge the jury concerning the lesser-included offenses of aggravated robbery or robbery. We affirm in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

On the evening of July 7, 2021, Jacobs and his then girlfriend visited a local Mini-Mart and saw Steven Christopher Gambles, II standing next to a white Mercedes. After they got home, Jacobs told his girlfriend he was going to rob Mr.

Gambles. Jacobs's girlfriend then texted a friend that Jacobs "is out of control," that he was "trying to hit a lick on some boy over here in the Mercedes," and that she told him "stop trying to rob people."

Jacobs testified that when he got back to the store, he entered Gambles' unlocked Mercedes, found a gun, and put it in his jacket without checking to see if it was loaded. He later admitted he knew the gun was loaded. Jacobs ultimately approached Gambles, pointed the gun at him, and demanded money; according to Jacobs, Gambles then "jumped" at him and the gun discharged. The State's forensic pathologist testified she performed an autopsy and concluded Gambles died from a single gunshot wound to the head.

After the trial court empaneled the jury, a juror came forward and acknowledged he "was uncomfortable with having someone's life judgment in [his] hands" and "pretty much just didn't want to have anything to do with that" based on his beliefs. When the judge directly asked him if he could listen to the evidence and render a decision based on her instructions, the juror said that he could do so. Upon further questioning from the State, however, he acknowledged that his discomfort would "most likely" prevent him from deliberating. In response to questioning from defense counsel, he then said he could listen to the evidence and vote his conscience. After the trial court sought even further clarification, the juror said that he could not set aside his feelings, regardless of what the State proved. The trial court concluded the juror was "disqualified as disabled" and dismissed him.

–2–

A jury found Jacobs guilty of capital murder and the trial court sentenced him to life in prison without the possibility of parole. Jacobs timely appealed.

**The evidence sufficiently supports the conviction.**

In his first issue, Jacobs argues that the evidence is legally insufficient to support his conviction. We review evidentiary sufficiency under the familiar *Jackson v. Virginia* standard. *See Brooks v. State*, 323 S.W.3d 893, 894, 901–02 (Tex. Crim. App. 2010); *Murphy v. State*, 05-19-00886-CR, 2020 WL 7396009, at *1 (Tex. App.—Dallas Dec. 17, 2020, no pet.) (mem. op., not designated for publication). We review all the evidence and reasonable inferences therefrom in the light most favorable to the verdict to determine whether a jury was rationally justified in finding guilt beyond a reasonable doubt. *Id.* (citing *Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013)).

Here, the crux of Jacobs's sufficiency challenge is that no rational juror could have concluded he intentionally caused decedent's death with a firearm while he was committing or attempting to commit a robbery. We disagree. The jury heard that he intended to rob someone in a Mercedes, that he stole a gun from a white Mercedes, and that the decedent was driving the same white Mercedes from which Jacobs stole the gun. Jacobs also admitted that he wanted the decedent's money, that he "had worked up enough courage to go ahead and try to get the money from him," that he "pointed the gun in the window," that he knew the gun was loaded, and that he told the decedent to "give it up." Under the circumstances, a rational juror could have

–3–

concluded that "it" was the decedent's money and that Jacobs therefore admitted to performing a robbery. *See* TEX. PENAL CODE § 29.02.

Furthermore, "specific intent to kill may be inferred from the use of a deadly weapon, unless in the manner of its use it is reasonably apparent that death or serious bodily injury could not result." *Giles v. State*, 05-18-00865-CR, 2019 WL 6486257, at *2 (Tex. App.—Dallas Dec. 3, 2019, pet. ref'd) (mem. op., not designated for publication) (citing *Godsey v. State*, 719 S.W.2d 578, 580–81 (Tex. Crim. App. 1986) (citations omitted)). Here, Jacobs used a deadly weapon in a deadly manner, admitted he was familiar with firearms, admitted he pointed a gun at the decedent, and admitted he knew the gun was loaded; therefore, the jury could have rationally concluded he intended to kill. *See id.* (When "a deadly weapon is used in [a] deadly manner, the inference is almost conclusive that [the perpetrator] intended to kill."); *Lugo v. State*, 667 S.W.2d 144, 149 (Tex. Crim. App. 1984) (en banc).

When considered in the light most favorable to the verdict, these facts are sufficient to support the jury's finding that Jacobs intentionally caused the death of the decedent by shooting him with a firearm in the course of committing a robbery or attempting a robbery.

**The court did not err when it dismissed a disqualified juror.**

In his second issue, Jacobs argues the trial court erred when it dismissed a juror based on a disability that manifested via contradictory answers. The State counters that the trial court could not have erred under these facts because juror

–4–

disability is only implicated under Texas Code of Criminal Procedure article 36.29, which is only applicable in "(1) the limited circumstances in which less than twelve jurors can render or return a verdict in felony cases and (2) capital cases in which the state seeks the death penalty and a juror dies or becomes disabled." *See Nikmanesh v. State*, 05-16-00363-CR, 2017 WL 2774445, at *9 (Tex. App.—Dallas June 27, 2017, no pet.) (mem. op., not designated for publication). We agree with the State and conclude article 36.29 is inapplicable in the instant case because neither of the two conditions identified in *Nikmanesh* is present. *See id.* (citing TEX. CODE CRIM PROC. Art. 33.011(b)). Thus, we conclude the trial court did not err when it dismissed a juror who provided contradictory responses, one reasonable conclusion from which was that he expressed a prohibited level of bias. *See Hudson v. State*, 620 S.W.3d 726, 731 (Tex. Crim. App. 2021) ("When a prospective juror's answers concerning his ability to follow the law are vacillating, equivocating, ambiguous, unclear, or contradictory, we accord particular deference to the trial court's decision.") (cleaned up).

**Jacobs did not suffer harm based on the absence of lesser-included offenses.**

In his third issue, Jacobs argues the trial court erred when it denied his request for a charge on the lesser-included offenses of aggravated robbery or robbery. We review a trial court's decision to refrain from submitting a lesser-included offense instruction for an abuse of discretion. *See Jackson v. State*, 160 S.W.3d 568, 574 (Tex. Crim. App. 2005). "We review alleged jury charge error in two steps."

*McDonald v. State*, 05-12-00521-CR, 2013 WL 5774874, at *11 (Tex. App.—Dallas Oct. 23, 2013, pet. ref'd) (mem. op., not designated for publication) (citing *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012)). First, we decide whether there was error in the charge. *Nikmanesh*, 2017 WL 2774445, at *6 (citing *Ferguson v. State*, 335 S.W.3d 676, 684 (Tex. App.—Houston [14th Dist.] 2011, no pet.)). Based on Jacobs's timely objection at trial, "only 'some harm' is necessary to reverse the trial court's judgment." *Id.* (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g)). When determining whether there was harm under such circumstances, we examine the jury charge, the evidence, the arguments of counsel, and any other relevant information revealed by the record of the trial as a whole. *See Almanza*, 686 S.W.2d at 171; *see also Braughton*, 569 S.W.3d at 613–17.

The jury instruction in this case required the jury to find Jacobs guilty of capital murder if it found beyond a reasonable doubt that he intentionally caused the decedent's death by shooting him with a firearm in the course of committing a robbery or attempting a robbery. Although the trial court also charged the jury on the lesser-included offense of murder, the jury's rejection of this charge in favor of capital murder weighs heavily against a finding of harm. *See Braughton*, 569 S.W.3d at 614 (quoting *Masterson v. State*, 155 S.W.3d 167, 171 (Tex. Crim. App. 2005) (A jury's "failure to find an intervening lesser-included offense (one that is between the requested lesser offense and the offense charged) may, in appropriate circumstances,

render a failure to submit the requested lesser offense harmless."")). The jury was not placed in the dilemma of either acquitting appellant outright or convicting him of capital murder. *Id.* at 614–15. Instead, it had the option of convicting him of murder. *See id.* at 615. It is not plausible to believe the jury would have convicted Jacobs of an even lesser offense like robbery or aggravated robbery. *Id.* Thus, under the facts of this case, Jacobs suffered no harm as a result of the trial court's failure to charge or instruct the jury on those lesser included offenses. *See id.*

Jacobs admitted to (1) stealing the decedent's gun, (2) wanting decedent's money, (3) pointing a gun at him, (4) knowing the gun was loaded, (5) demanding money from him, and (6) pulling the trigger. The evidence also shows Jacobs told his girlfriend that he intended to rob the decedent. And Jacobs has failed to present a plausible basis upon which the jury could have determined he was not guilty of capital murder or murder but was nonetheless guilty of robbery or aggravated robbery. *See Braughton*, 569 S.W.3d at 616. We have determined the evidence was sufficient for the jury to convict appellant of capital murder, and thus the "state of the evidence" does not favor a finding of harm. *See Gray v. State*, No. 05-14-00919-CR, 2015 WL 7282759, at *11 (Tex. App.—Dallas Nov. 18, 2015, pet. ref'd).

Finally, Jacobs's counsel waived opening statements and made it clear during closing that (1) he was not there "to contest the guilt as far as who it was, what happened as far as the exact facts of the situation"; (2) "there's no question that what

happened is Jordan Jacobs' conduct caused the death of Steven Gambles"; and (3) "He's guilty of murder. I told you that in voir dire."

We reject Jacobs's contention that the absence of a lesser-included charge was harmful because there was no realistic possibility that he would have been convicted of lesser charges under the circumstances. *See Braughton*, 569 S.W.3d at 617.

We affirm the trial court's judgment.

221134f.u05

Do Not Publish
TEX. R. APP. P. 47.2(b)

/Cory L. Carlyle//
CORY L. CARLYLE
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JORDAN CHRISTOPHER
JACOBS, Appellant

No. 05-22-01134-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 401st Judicial
District Court, Collin County, Texas
Trial Court Cause No. 401-84157-
2021.
Opinion delivered by Justice Carlyle.
Justices Smith and Kennedy
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.


Judgment entered this 26th day of October, 2023.