

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00151-CR

———————————————

JOSEPH CLEVELAND BRAGG, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 372nd District Court
Tarrant County, Texas
Trial Court No. 1760841

Before Kerr, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

A jury found Appellant Joseph Cleveland Bragg guilty of evading arrest or detention with a motor vehicle. S*ee* Tex. Penal Code Ann. § 38.04(b)(2)(A). The jury found the allegations in the habitual-offender notice to be true and assessed punishment at 75 years' confinement. Bragg raises two points: (1) the trial court erroneously instructed the jury at punishment that he was eligible to receive good-conduct time credits under the applicable law; and (2) the judgment incorrectly states that he made no election as to punishment and that the trial court determined his sentence. We will modify the judgment and affirm as modified.

## I. Punishment Charge

We must review "all alleged jury-charge error . . . regardless of preservation in the trial court." *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). In reviewing a jury charge, we first determine whether error occurred; if not, our analysis ends. *Id.*

In his first point, Bragg argues that the trial court's charge on punishment incorrectly contained an outdated parole instruction that referenced good-conduct time. Bragg correctly points out that Article 37.07, Section 4(a) of the Code of Criminal Procedure no longer refers to good-conduct time. *See* Act of May 26, 2015, 84th Leg., R.S., ch. 770, § 2.08, 2015 Tex. Gen. Laws 2321, 2366–68 (amended 2019) (current version at Tex. Code Crim. Proc. Ann. art. 37.07, § 4(a)). The current version

of Section 4(a) refers only to parole. *See id.* The amendment's effective date was September 1, 2019, and these proceedings took place on May 18, 2023.

But unlike Section 4(a), Section 4(b) still refers to good-conduct time:

(b) In the penalty phase of the trial of a felony case in which the punishment is to be assessed by the jury rather than the court, if the offense is punishable as a felony of the first degree[;] if a prior conviction has been alleged for enhancement of punishment as provided by Section 12.42(b), (c)(1) or (2), or (d), Penal Code[;] or if the offense is a felony not designated as a capital felony or a felony of the first, second, or third degree and the maximum term of imprisonment that may be imposed for the offense is longer than 60 years, unless the offense of which the jury has found the defendant guilty is an offense that is punishable under Section 21.02(h), Penal Code, or is listed in Article 42A.054(a) or the judgment contains an affirmative finding under Article 42A.054(c) or (d), the court shall charge the jury in writing as follows:

The length of time for which a defendant is imprisoned may be reduced by the award of parole.

Under the law applicable in this case, the defendant, if sentenced to a term of imprisonment, may earn early parole eligibility through the award of good conduct time. Prison authorities may award **good[-]conduct** time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any **good[-]conduct** time earned by the prisoner.

Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, the defendant will not become eligible for parole until the actual time served plus any good conduct time earned equals one-fourth of the sentence imposed or 15 years, whichever is less. Eligibility for parole does not guarantee that parole will be granted.

It cannot accurately be predicted how the parole law and **good[-]conduct** time might be applied to this defendant if sentenced to a term of imprisonment[ ] because the application of these laws will depend on decisions made by prison and parole authorities.

> You may consider the existence of the parole law and **good[-]conduct time**. However, you are not to consider the extent to which **good[-]conduct** time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

Tex. Code Crim. Proc. Ann. art. 37.07, § 4(b) (emphasis added).

Bragg was convicted of evading arrest or detention with a motor vehicle—a third-degree felony. *See* Tex. Penal Code Ann. § 38.04(b)(2)(A). The indictment included a habitual-offender notice alleging that Bragg had previously been convicted of two prior felony offenses. Texas Penal Code Section 12.42(d) provides that if "the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction becoming final, on conviction," the punishment range is confinement for life or for any term not more than 99 years or less than 25 years. *Id.* § 12.42(d).

Bragg pleaded true to the allegations in the habitual-offender notice, and the jury found the allegations to be true. Because Bragg's punishment was enhanced as provided by Texas Penal Code Section 12.42(d), the trial court was required to instruct the jury pursuant to Section 4(b) of the Texas Code of Criminal Procedure, which refers to good-conduct time, rather than Section 4(a). The trial court's punishment instructions correctly followed Section 4(b), and there is no error in the charge. We overrule Bragg's first point.

4

## II. Judgment

In his second point, Bragg argues that the judgment incorrectly states that he made no election for punishment and that the trial court assessed his punishment. The record shows otherwise: Bragg filed a motion requesting the jury to assess punishment, the jury heard evidence on punishment, and the jury assessed punishment. Nevertheless, the trial court checked the box on the judgment form that reads,

> **No election**. Defendant did not file a written election as to whether the judge or jury should assess punishment. After hearing evidence relevant to the question of punishment, the Court assessed Defendant's punishment as indicated above.

Bragg asks us to modify the judgment to reflect the correct option:

> **Jury.** Defendant entered a plea and filed a written election to have the jury assess punishment. The jury heard evidence relative to the question of punishment. The Court charged the jury and it retired to consider the question of punishment. After due deliberation, the jury was brought into Court, and, in open court, it returned its verdict as indicated above.

The State agrees that the judgment incorrectly reflects that Bragg made no election as to punishment and that the trial court determined his sentence.

We agree with Bragg and the State that the judgment is incorrect, and we sustain Bragg's second point. We modify the second page of the trial court's judgment to reflect that Bragg elected for the jury to assess his punishment and that it did so.[1]

---

[1]*See French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (noting that appellate court has authority to modify judgment "to make the record speak the truth" when it has the necessary data and information to do so).

## III. Conclusion

Because we have overruled Bragg's first point but have sustained his second point to modify the trial court's judgment, we affirm the trial court's judgment as modified. *See* Tex. R. App. P. 43.2(b).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: April 11, 2024