

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00121-CR

---

**DANIEL REYES LIMON, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

---

On Appeal from the 33rd District Court
Llano County, Texas
Trial Court No. CR8668, Honorable J. Allan Garrett, Presiding

---

March 14, 2025

## MEMORANDUM OPINION[1]

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant Daniel Reyes Limon appeals the trial court's judgment by which he was convicted of possession of a controlled substance in an amount of more than 400 grams and with the intent to deliver and sentenced to ninety-nine years imprisonment. On appeal, he contends the trial court improperly assessed court-appointed attorney's fees

---

[1] The Texas Supreme Court transferred this appeal from the Third Court of Appeals. Thus, we are bound by the latter's precedent should it conflict with ours. TEX. R. APP. P. 41.3.

as costs of court.  He also complains of the trial court's failure to include an Article 38.23 instruction in its charge to the jury.  We modify the judgment and affirm it as modified.

### *Background*

On the night of January 31, 2023, Deputy James Treadway of the Llano County Sheriff's Office initiated a traffic stop of appellant's SUV.  Treadway explained to appellant that there was a light out on the driver's side of the rear license plate and "[i]t's not illuminating the plate completely so that's why I stopped you."  Treadway would testify at trial that he also had prior information from a confidential informant that appellant was transporting controlled substances.

Appellant told Treadway that he was repairing a broken pipe and sprinkler heads, an explanation that Treadway found suspicious considering appellant's attire during the winter storm impacting the area at the time.  Treadway asked for and was denied consent to search the vehicle.  Treadway then asked appellant to step out of the vehicle so that Treadway could get his narcotics detection canine, Rex, to perform an open-air sniff of the vehicle.

Treadway testified that Rex's behavior indicated that he detected an odor coming from the back of the vehicle and that Rex "bracket[ed]" or engaged in behavior demonstrating that he had alerted to the scent of narcotics.  Treadway further testified that, ordinarily, Rex would sit as a "final response" but did not do so in this instance given the snowy and icy conditions on the road.  Treadway informed appellant that Rex's behavior indicated the presence of narcotics in the car; appellant attributed the detection to his girlfriend recently having smoked marijuana in the vehicle.

2

Treadway searched appellant's vehicle. He first found a marijuana pipe in the console and then noticed a speaker in the back seat that was not wired in. Treadway's search of the speaker yielded a plastic bag containing what turned out to be marijuana. When Treadway directed appellant to turn around, appellant bolted and ran through some residential backyards but was ultimately apprehended, arrested, and charged with possession of a controlled substance. A Llano County jury found him guilty of said offense. Appellant appealed and presented four issues for our review.

### Issue 1: Attorney's fees

Citing *Mayer v. State*, 309 S.W.3d 552 (Tex. Crim. App. 2010), and its progeny, appellant first contends the trial court erred by assessing court-appointed attorney's fees as costs. The State relies on *Mayer*, as well, to concede error in the assessment, acknowledging that such was improper in light of the trial court's affirmative finding of continued indigence. Appellant's contention and the State's concession are well-taken. We sustain appellant's issue and modify the trial court's judgment to delete the assessment of $2,400 in court-appointed attorney's fees.

### Issue 2: Article 38.23 Instruction—Traffic Offense

By his second issue, appellant contends the trial court erred by not including an Article 38.23(a) instruction on the issue of whether Treadway reasonably believed that appellant was committing a traffic offense. *See* TEX. CODE CRIM. PROC. ANN. art. 38.23; *Chambers v. State*, 663 S.W.3d 1, 9 (Tex. Crim. App. 2022). We overrule the issue.

We first note a dispute regarding whether appellant preserved his complaint. Authority from the Court of Criminal Appeals holds that purported charge error need not be preserved at trial. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). Thus,

3

it matters not whether the error or its grounds were proffered to the trial court; the complaint and its grounds can be urged for the first time on appeal.

Next, there are three requirements that a defendant must meet before he is entitled to the submission of a jury instruction under Article 38.23(a): (1) the evidence heard by the jury must raise an issue of fact; (2) the evidence on that fact must be affirmatively contested; and (3) that contested factual issue must be material to the lawfulness of the challenged conduct in obtaining the evidence. *Madden v. State*, 242 S.W.3d 504, 510 (Tex. Crim. App. 2007). When the evidence does not raise a genuine issue about a material fact, the trial court acts properly by denying an instruction. *See Justice v. State*, No. 03-19-00428-CR, 2021 Tex. App. LEXIS 4769, at *20 (Tex. App.—Austin June 16, 2021, no pet.) (mem. op., not designated for publication). We further note that the need for the evidence to affirmatively conflict is not satisfied simply by a question of witness credibility. *Perez v. State*, No. 03-12-00041-CR, 2013 Tex. App. LEXIS 10901, at *10 (Tex. App.—Austin Aug. 29, 2013, no pet.) (mem. op., not designated for publication). Indeed, the discussion in *Madden* best exemplifies the essence of the requisite affirmative evidence.

> If, however, Officer Lily says that appellant did speed, and Witness Two (or appellant) says that he doesn't remember or doesn't know, there is no disputed fact to submit because there is no affirmative evidence of a factual conflict. Similarly, if Officer Lily testifies that appellant did speed, but the cross-examiner grills him, 'Isn't it true that he really did obey the speed limit, you're wrong or you're lying?' there is no factual dispute unless Officer Lily admits, 'Yes, that is true.' The cross-examiner cannot create a factual dispute for purposes of an Article 38.23(a) instruction merely by his questions. It is only the answers that are evidence and may create a dispute. Even the most vigorous cross-examination implying that Officer Lily is the Cretan Liar does not raise a disputed issue. There must be some affirmative evidence of 'did not speed' in the record before there is a disputed fact issue.

4

*Madden*, 242 S.W.3d at 513-14. With the foregoing in mind, we turn to the record here.

Appellant initially cites to a video taken by the dashboard camera in the officer's car as the requisite affirmative evidence creating a material issue of fact when compared to the officer's testimony. The latter consisted of the officer's testimony that he 1) "witnessed a tan Tahoe that passed me"; 2) "witnessed the vehicle pass me with a license plate light that was not an illuminated plate as required by the Texas Transportation Code, which is 50 feet"; 3) "followed the vehicle"; 4) "[g]ot within less than 50 feet of the vehicle" and "turned my headlights off and verified that there was no illumination on the passenger side"; 5) the vehicle "has two license plate lights and one of them was lit but the other one wasn't"; and 6) he "couldn't fully read the license plate." On the other hand, according to appellant, the video "clearly showed the license plate was illuminated sufficiently." It did "not depict anything on camera regarding the deputy following at 50 feet or shows the plate was not illuminated."

First, there was no "dashcam" video of the stop, but, rather, a body cam video. Second, that video does not show appellant passing the officer or the officer disengaging his vehicle lights to check whether the license plate was sufficiently illuminated. Nor does it show that the officer failed to do either. It simply does not capture either event given the camera's location. Eventually, though, one can see appellant's vehicle and its license plate. By that time, the officer's own vehicle lights and his flashlight were illuminating the plate. So, contrary to appellant's proposition, nothing in the video contradicts the officer's statement that he, the officer, "couldn't fully read the license plate" due to one license plate bulb being out.

5

Appellant also posits that the trial court was obligated to submit the instruction because the officer mistakenly believed Texas statute required two lights illuminating the license plate. Whether or not the statute requires one, two, three, or ten lights depends on the interpretation of the statute. That is not a question of fact for a jury to decide, but one of law. So, the officer's purported misinterpretation of the traffic law did not require submission of a 38.32(a) instruction.

Simply put, the State's Exhibit One, the video, did not create an issue of fact regarding sufficient illumination of the license plate or the officer's ability to read the plate. Thus, it did not trigger any obligation of the trial court to submit the requested instruction.

### Issue 3: Article 38.23 Instruction—Reasonable Suspicion

By his third issue appellant contends the trial court erred by failing to instruct the jury, again per Article 38.23(a), because the officer lacked evidence from which to infer reasonable suspicion to prolong the detention. That is, according to appellant, "[c]onsidering the totality of the circumstances in this context, the conclusion is that the officer lacked reasonable suspicion to prolong the detention after the purpose of the stop had been concluded. The evidence lacked legal support. Therefore, the trial court erred in denying the 38.23 instruction." We overrule the issue.

Appellant relies on no contradiction in the evidence in urging his point. Rather, he founds his contention on whether all the evidence, as presented in the record, sufficed to create reasonable suspicion to extend the stop. That is not a question of fact for the jury to decide; it is one of law for the trial court to answer. *See Aguilar v. State*, No. 03-19-00149-CR, 2020 Tex. App. LEXIS 8063, at *31 (Tex. App.—Austin Oct. 7, 2020, no pet.) (mem. op., not designated for publication) (so stating when no dispute concerning the

6

existence of the underlying historical facts); *see also Madden*, 242 S.W.3d at 513 (observing that "the jury cannot 'wrestle with' the legal determination of whether certain facts do or do not constitute 'reasonable suspicion'"). So, again, the circumstances discussed in issue three failed to trigger an obligation to submit an Article 38.23(a) instruction.

### Issue 4: Article 38.23 Instruction—Canine Alerts

In his fourth and final issue, appellant appears to focus on the officer's observations of Rex (the drug dog) and his reaction to create the requisite factual dispute for purposes of an Article 38.23(a) instruction. Allegedly, "[t]he jury had to take the word of Treadway that Rex's actions were an alert." We overrule the issue.

The record reveals well-developed examination and cross-examination of Treadway regarding Rex's behavior that night as seen on the body cam video. Treadway explained the significance of Rex's behavior in relation to his training, Treadway's orders, and the conditions under which the open-air sniff was performed. He also explained Rex's signals in terms of what they communicated in terms of detecting the odor of narcotics. The jury heard Treadway's testimony and saw the video of Rex's behavior. There was no evidence affirmatively contradicting the officer's analysis or characterization of Rex's behavior, though. Rather, appellant questions the officer's credibility regarding the officer's interpretation of the dog's actions and argues that "[t]he jury should have been provided an opportunity to **weigh Treadway's credibility** with a 38.23 charge." (Emphasis added). Yet, opportunity to ponder credibility does not affirmative evidence make under *Madden* or *Perez*.

7

This circumstance likens to the example in *Madden* about defense counsel raising doubt concerning the credibility of the officer and his representations through cross-examination.  Yet, jurors were not given evidence affirmatively contradicting the officer's interpretations of how the drug dog reacted and inferences therefrom.  This is of import because disputing only the inferences to be drawn from the officers' observations and the grounds for appellant's continued detention does not warrant an Article 38.23(a) instruction.  *See Ordaz v. State*, No. 03-07-00039-CR, 2007 Tex. App. LEXIS 8161, at *25 (Tex. App.—Austin Oct. 10, 2007, pet. ref'd) (mem. op., not designated for publication).   We overrule appellant's fourth and final issue on appeal.

Having concluded that the trial court improperly assessed court-appointed attorney's fees as cost of court, we modify the trial court's judgment to delete that assessment and affirm the judgment as modified.

Brian Quinn
Chief Justice

Do not publish.

8